## CLIFTON v. LILLEY, GUARDIAN.

Where an order for a new trial was made, "upon the payment of all costs" by the plaintiff, it was held that the judgment did not become final upon failure to pay the costs before the close of the Term of the Court at which such order was made.

The plea of general denial does not put in issue the representative character in which the plaintiff sues.

Where a deed of gift was ancient, and had ceased to be the only evidence of title in plaintiff's wards, and the plaintiff made affidavit of its loss and of dilligent search, and proved a search for it among the papers of the deceased father of his wards, without its being found; and it appeared that when it was last seen, it, was in the hands of one of the witnesses to its execution, who, if living, was not within reach of the process of the Court, it was said that the absence of the deed was sufficiently accounted for, to warrant the admission of secondary evidence of its contents.

The partition and distribution (*in pais*) of the property of Isham Cherry, after his decease, among his children and grand children, in the State of Tennessee, acquiesced in by his heirs, was sufficient evidence of the title of the plaintiffs (the said grand children) to the portion allotted and allowed to them, without reference to the deed of gift under which the distribution was made.

Prior possession of a slave, which does not appear to have been legally divested, is sufficient *prima facie* evidence of title, to enable a plaintiff to recover, as against a defendant who shows no title in himself.

In respect to the Charge of the Court, relative to the statute of limitations, it may suffice to observe that the plaintiffs were infants when the right of action accrued; and they do not appear ever to have had a guardian appointed until within less than two months before the institution of the suit; consequently their right of action could not have been barred by the statute.

Appeal from Titus. Suit was brought at the Spring Term, A. D., 1850, of the District Court of Titus County, by Thomas B. Lilley as guardian of Isham P., Margaret E., Noel J., Mary A., Hugh L. W. and Washington Cherry, against George Clifton, to recover a certain slave, named Jane, of the value of seven hundred dollars, alleged to be the property of plaintiff's wards. The plaintiff alleged that he was the guardian of the persons and property of said wards, duly appointed by the Probate Court of Titus county; that they were all minors; that on the 23rd day of January, A. D., 1833, in Hardin county,

in the State of Tennessee, Isham Cherry, the grandfather of his said wards, made a deed of gift, by which he gave all his lands and slaves to the children of his sons, Noel, Eli and Jesse; that his said wards are the lawful children of said Jesse; that after the death of the said Isham Cherry, to wit: on or about the 1st of March, A. D., 1833, all the land and slaves of said Isham Cherry, deceased, were partitioned according to the said deed of gift among the grandchildren of the deceased; that among the slaves received at said partition, by the plaintiff's wards, was one Dicy, the mother of the said Jane; that said Dicy was still the property and in the possession of the plaintiff's wards when the said Jane was born, about the first day of January, A. D., 1836; that heretofore, to wit: on the first day of January, 1840, the said plaintiff's wards were lawfully seized and possessed of the said slave Jane; that about the 1st day of January, 1840, they casually lost the possession of her; that on or about the 1st day of January, 1845, the defendant came into the wrongful possession of her, and still is in the wrongful possession of her, though often requested by the plaintiff to deliver her up, to the damage of the plaintiff in the sum of fifteen hundred dollars. Plaintiff prayed for judgment for the slave or her value, and for damages for her detention, and for general relief.

The defendant demurred, pleaded a bill of sale from a third party, executed to him the 6th day of March, 1847, the statute of limitations and a general denial of all the plaintiff's allegations.

The cause was continued from Term to Term until the Spring Term, 1852, when there was a trial, and the defendant obtained judgment; whereupon the plaintiff moved for a new trial, which was granted "upon the payment of all costs" by him. Several months elapsed, after the close of this Term of the Court, before the plaintiff paid the costs. At the several Terms of Court intervening between the Spring Term, 1852, and the Spring Term, 1854, the cause was continued upon affidavit of the plaintiff or by consent of parties. At the Spring

Term, 1854, the cause came on to be heard, when the defend-
ant moved "to dismiss this case from the docket for the fol-
"lowing reasons: 1st. Because the same has been duly tried
"by this Court, and a judgment rendered therein, which said
"judgment has not been set aside, reversed or annulled: 2nd.
"Because no new trial has been granted in·this case in compli-
"ance with the statute, and for other good causes apparent." ·
This motion being overruled, the defendant excepted and re-
served the facts by bill of exceptions. And the demurrer to
the petition being also overruled, the parties went to trial,
whereupon the plaintiff offered the certificate of the Clerk of
the County Court of Titus County, to prove that he had been
appointed guardian of the minors mentioned in the petition;
to which the defendant objected, on the ground that the certi-
ficate did not show whether the plaintiff was guardian of the
persons, or of the estates, or of both, of the said minors; and
because the certificate did not show the names of said minors
for whom he was appointed guardian, (the language of the
certificate was that he was "made guardian of the heirs of
Jesse Cherry:") which objection being overruled, the plaintiff
excepted and reserved the facts, by bill of exceptions.

The plaintiff having made affidavit that the deed of gift,
mentioned in the petition, from Isham Cherry to plaintiff's
wards and others, was lost or mislaid, and that he had made
dilligent search for it without being able to find it; and hav-
ing proved by Nancy Cherry, the mother of his wards and wife
of Jesse Cherry, deceased, their father, that she had searched
among the papers of her deceased husband, Jesse, and could
not find it, and that when it was executed it was witnessed by
one J. J. Williams, who resides in Hardin County, Tennes-
see, and the same placed in his possession; offered to prove by
the said witness, the contents of said deed, to which the de-
fendant objected; his objection was overruled, and the witness
testified to the contents of the deed as stated in the petition.
She testified also to the partition of the property of the said
Isham, among the grantees in the deed, after his death; where-

upon the plaintiff offered to prove by her the terms of said partition, to which the defendant objected on the ground that it appearing that some of the parties at interest in the property were minors, a legal division, so far as they were concerned, could only be made by some Court or tribunal duly authorized to do so; and that if any such division was legally made, a record of the same is presumed to exist, and that record is the best evidence of the same; which objection was overruled, and the defendant excepted, and the witness testified to the partition as stated in the petition. All the other facts stated in the petition, were proved without objection. The Court charged the jury that the plaintiff's wards being minors, the statute of limitations would not avail the defendant.

There were several assignments of error, among which was the following: The Court erred in not dismissing the cause from the docket upon the appellant's motion, as complained of in appellant's first bill of exceptions, which said bill of exceptions is made a part of this assignment of error.

*W. H. Johnson*, for appellant. In support of the first assignment of error, it is contended the Court erred in not dismissing this case from the docket upon appellant's motion. The order granting a new trial was a nullity; being only conditional, it did not impair the judgment rendered. The new trial was only to be had upon condition that the appellee (who was plaintiff below) pay all the cost of the Court, and the statement of facts used upon the trial of said motion, shows that the cost was not paid until the 5th of July, near four months after the adjournment of the Court. The order left it optional with the party, to take a new trial or not, as he chose. He did not make his election until near four months after the adjournment of the Court at which the order was made, thereby leaving the opposite party all the while in doubt whether he had a case in Court or not. (Hart. Dig. Art. 766; 6 Tex. R. 199.)

In support of the fifth assignment, it is contended that the Court erred in admitting the testimony of Mrs. Cherry to estab-

lish the contents of the deed of gift, spoken of by her in her testimony and named in plaintiff's petition, its loss or distruction not having been sufficiently accounted for. It will be recollected that all the persons called or sworn to establish its loss, were persons strangers to the deed, and the person in whose custody the paper was left in Hadin County, Tennessee, to wit: Mr. Williams, was not inquired of. (8 Tex. R. 162.)

In support of the sixth assignment, it is contended that the Court erred in permitting the plaintiff below to prove by parol the partition and distribution of the land and negroes among the children of Jesse Cherry, Eli Cherry and Noel Cherry, most of them being at the time minors. The statement of facts shows that if any paper was executed, disposing of the property by the old man Cherry, as testified to by Mrs. Cherry, that it was a testamentary paper, made in his last sickness; was not to take effect until after his death; and was put into the hands of Mr. Williams, one of the witnesses to the same, with a request to him to have it carried out after the old man's death. All of these facts go to establish the proposition, that there exists in Hardin County, Tennessee, a record of the whole matter.

*Rogers* and *Morrill & Dickson*, for appellee.

WHEELER, J. The errors assigned which are deemed to require notice, are the rulings of the Court. 1st. In admitting the Clerk's certificate of the appointment of the plaintiff as guardian, as evidence of his representative character; 2nd. In admitting parol evidence of the contents of the deed of gift from the ancestor of the plaintiff's wards; 3d. In the charge to the jury in relation to the statute of limitations.

To the first of these objections it must be answered that there was no plea putting in issue the plaintiff's representative character; and it was not necessary, therefore, on his part, to adduce evidence of his right to sue in that character. (Cheatham v. Riddle, Adm'r, *Supra*.) The ruling of the Court complained of was therefore immaterial.

The ground on which it is supposed that the secondary evidence of the contents of the deed of gift, was improperly admitted, is, that the absence of the original was not sufficiently accounted for. Having been shown to have been once in the possession of the subscribing witness, Williams, in the State of Tennessee, it is insisted that, in the prosecution of the search, inquiry should have been made of him. "What degree of diligence, (says Greenleaf) in the search is "necessary, it is not easy to define, as each case depends "much on its peculiar circumstances; and the question, "whether the loss of the instrument is sufficiently proved, to "admit of secondary evidence of its contents, is to be deter. "mined by the Court, and not by the jury. But it seems, "that, in general, the party is expected to show that he has, "in good faith exhausted, in a reasonable degree, all the "sources of information and means of discovery which the "nature of the case would naturally suggest, and which were "accessible to him. It should be recollected that the object "of the proof is merely to establish a reasonable presumption "of the loss of the instrument; and that this is a preliminary "inquiry addressed to the discretion of the Judge. If the "paper was supposed to be of little value, or is ancient, a "less degree of diligence will be demanded, as it will be aided "by the presumption of loss, which these circumstances "afford. If it belonged to the custody of certain persons, or "is proved, or may be presumed to have been in their pos-"session, they must, in general, be called and sworn to ac-"count for it, if they are within the reach of the process of "the Court." (1 Greenl. Ev. Sec. 558.)

The deed of gift in question was ancient. There is no evidence of its having been seen within twenty years. After the division and distribution of the property of the ancestor of the plaintiffs, the deed of gift ceased to constitute their only evidence of title, and became of comparatively little value to them. The only source of information, which, it is to be supposed, existed in this country, was exhausted by the search

among the papers of the deceased father of the plaintiffs. Williams, in whose possession the instrument was last seen, if living, was not within the reach of the process of the Court. He could not be reached by a *subpœna duces tecum*; nor could he be compelled, without a resort to the Courts of the country of his domicil, to produce or deliver to the plaintiffs the instrument, if in his custody. It, therefore, was not necessary to call on him by *subpœna duces tecum*, or otherwise, to produce the paper, for the reason that the Court had no authority over him, and could not enforce obedience to its process. Moreover, he had no interest in the preservation of the paper, and it is not probable that it remained in his custody after the purposes for which it had been made and delivered to him, had been answered by the contemplated division and distribution of the property ; or, if it was suffered to remain in his custody, that, having no interest in it, he should have preserved it during the lapse of twenty years. Its absence, under the circumstances was, we think, sufficiently accounted for, to warrant the admission of secondary evidence of its contents.

But if it were otherwise, this deed of gift was not the only evidence of title in the plaintiffs, and need not have been produced or relied on by them. For all the purposes of this suit, their evidence of title was ample without it. The partition and distribution of the property of Isham Cherry, after his decease, among his children and grandchildren in the State of Tennessee, acquiesced in by his heirs, was sufficient evidence of the title of the plaintiffs to the portion allotted and delivered to them, without reference to the deed of gift, under which the distribution was made. (Nimmo v. Davis, 7 Tex. R. 26.) Indeed, the plaintiffs' prior possession, which does not appear to have been legally divested, was sufficient *prima facie* evidence of title, to enable them to recover as against the defendant, who does not appear, by the statement of facts, to have introduced any evidence of title in himself. (Davis v. Loftin, 6 Tex. R. 497.)

In respect to the charge of the Court relative to the statute of limitations, it may suffice to observe, that the plaintiffs were infants when the right of action accrued, and they do not appear ever to have had a guardian appointed until within less than two months before the institution of the suit. Consequently, their right of action could not have been barred by the statute, and there was no error in the instruction of the Court in its application to the case.

We are of opinion that there is no error in the judgment, and that it be affirmed.

Judgment affirmed.