## BERTHLETT, JONES & CO. v. ALBERT FOLSOM.

The unexplained understanding of one witness, and the hearsay of another, not developing the particulars of a change in title to property from one person to another, and where no notoriety or publicity was given to the transaction, and was never acted on by the parties, not sufficient to establish such a change.

It is the policy of the law to require that transactions not reduced to writing between parent and child, residing in the same family, and the child a minor, should be established by testimony of reasonable certainty, when the rights of third persons are to be affected by them.

Error from Red River. Tried below before the Hon. W. S. Todd.

Berthlett, Jones & Co. sued David G. Bell and Jane H. Bell, his wife, to foreclose a mortgage upon a negro woman named Malinda. The defendant in error, Albert Folsom, by his next friend, intervened, claiming said negro woman as his property in his own right. The only contest in the case was in regard to the title of the intervenor to the negro. There was a verdict in favor of Berthlett, Jones & Co. for the money claimed

by them against Bell and wife and in favor of the intervenor Folsom, as to the title to the negro, and judgment rendered accordingly. Motion for new trial overruled. The other facts are stated in the Opinion.

*J. A. N. Murray*, for plaintiff in error.

*J. J. Dickson*, for defendant in error.

ROBERTS, J. The right of Albert Folsom to intervene in the manner in which it was done, was not called in question, and therefore nothing need be said on that subject.

The question in the case is was the evidence sufficient to show that the property in the negro woman was divested out of Jane H. Bell and vested in Albert Folsom by gift, exchange or sale. This transfer of property is supported by the testimony of two witnesses, as follows, to-wit : by George W. Haskins, who says " that it was understood at the time of the division of the estate, (of the father of Albert and former husband of Jane H.,) that this negro woman Malinda should be turned over to her son Albert ; though Mrs. Bell was the original owner of the negro woman, but she having disposed of one of the negroes belonging to the estate, it was agreed that her son Albert should have Malinda. I think this was the way of it as near as my memory serves me."

And by Sarah Garvin, who says, when asked for her means of information, &c. : " I was in Doakville at different times during the division of the property, at which time Albert Folsom came in possession of Malinda, and heard it said by the other heirs that Mrs. Bell had given Malinda to Albert Folsom for his share in the town place. I do not know that there were any writings passed ; it was made in 1848 ; Albert Folsom was about five years old ; the business (was) transacted in the Choctaw nation. The heirs acted as agent for Albert Folsom."

Neither of these witnesses profess to state facts of their own knowledge.  Admitting that they had, though they differ as to what was given in exchange for this woman, they agree in establishing that it was an exchange of property, and not a gift.  The exchange was between the mother and her infant son five years old ; and one of the witnesses says that the other heirs acted as agent for Albert.  By what authority they acted does not appear ; certainly not by consent of Albert for he was not capable of giving consent, either to the agency or to the exchange.  None of the incidents, formalities, or circumstances of this exchange are developed.  There was no evidence that any notoriety or publicity was given to this transaction, or that it was ever known or heard of except as deposed to by these witnesses, or that it was ever acted on by the parties as a real transaction.  But on the contrary Jane H. Bell continued as before to possess and use the slave and finally mortgaged her in satisfaction of this debt.

We think such evidence entirely deficient in establishing what must have been an affirmative positive fact—the change of title in the property by exchange or otherwise from Jane H. Bell to her son Albert.

It is the policy of the law to require that transactions not reduced to writing, between parent and child, residing in the same family, and the child a minor of tender years, should be established by testimony of reasonable certainty, when the rights of third persons are to be affected by them.  The evidence is deficient both in manner and matter, being the unexplained understanding of one witness, and hearsay of another, and not developing the particulars of a valid exchange of property.

That the facts disclosed may be a portion of those which if properly developed might constitute a good title in Albert Folsom, it is unnecessary now to decide.  (Clifton v. Lilley, 12 Tex. 130.)  A new trial should have been granted.  Judgment is reversed and cause remanded.

Reversed and remanded.