GUADALUPE AND SAN ANTONIO RIVERS STOCK ASSOCIATION v.
GEORGE W. WEST.

No. 2830.

1. **Corporation—Assessment.**—In a suit by a corporation against one of its members to collect an assessment made under its charter, it must be shown by competent evidence that the assessment was made.

2. **Same—Records.**—Article 586, Revised Statutes, requires corporations to keep a record of their business transactions, of which action copies authenticated by the president and secretary under the seal of the corporation are evidence.

3. **Same—Parol Evidence.**—It is incompetent to prove by parol the records of a corporation without showing the loss of the original record or otherwise accounting for the absence of such original.

APPEAL from Lavaca. Tried below before Hon. George McCormick. The opinion states the case.

*E. F. Grimes* and *R. A. Pleasants,* for appellant.—The memorandum made by a ministerial officer of his official acts is no better evidence of

such acts than the sworn statement of the officer himself; and the regularity of an official act is always presumed.    1 Ct. App. C. C., sec. 1132; 26 Texas, 253; 7 Texas, 384.

*A. P. Bagby* and *Ellis & Patton,* for appellee. —The statute requires that corporations shall keep a record "of all business transactions," and when such record is kept the common law rule requires its production as the best evidence of the contents of such records; and this rule is only so far modified by statute as to allow a copy of the original record, duly authenticated by the president and secretary under the corporate seal, to be used in lieu thereof.    1 Sayles' Civ. Stats., arts. 601, 586; Tayl. Law of Priv. Corp., art. 263.

ACKER, Presiding Judge.—The Gaudalupe and San Antonio Rivers Stock Association, a corporation, brought this suit against George W. West, one of its members, to collect an assessment alleged to have been made by plaintiff by authority of its charter.

The trial was without a jury, and resulted in judgment for defendant, from which this appeal is prosecuted.

On the trial plaintiff offered to prove by the deposition of Mugge that the assessment was made by authority of an order of the board of directors, made at a meeting of the board on the 26th day of August, 1884.    The evidence was objected to upon the ground that it was "secondary and not the best evidence."    The objection was sustained, and this ruling is assigned as error.

Article 586 of the Revised Statutes requires corporations to keep a record of all business transactions, and article 601 makes such records, or copies thereof authenticated by the signatures of the president and secretary under the seal of the corporation, competent evidence in any action or proceeding to which such corporation may be a party.    To fix defendant's liability, plaintiff must have shown that the assessment was made, the best evidence of which was the record of the order or resolution of the board of directors.    It is a familiar rule governing the production of evidence that the best evidence of which the case in its nature is susceptible must be produced, and none other can be received, if objected to, until the nonproduction of the best is accounted for.    There was no attempt to show that the records of the corporation had been destroyed, or to explain any other way the nonproduction of the primary evidence as a predicate for the introduction of the secondary evidence offered, and we think the court did not err in excluding it.

The only other assignment of error presented is:  "The court erred in refusing a new trial to plaintiff, as asked for in its motion and amended motion for a new trial filed herein on the 7th and 10th of August, 1889."

Under numerous decisions of this court we must hold that this assign-

ment is too general to entitle it to consideration. Blum v. Whitworth, 66 Texas, 350; Cannon v. Cannon, 66 Texas, 682; O'Neal v. Bank, 67 Texas, 36; 68 Texas, 282; 70 Texas, 758.

We think the judgment of the court below should be affirmed.

*Affirmed.*

Adopted March 11, 1890.