**CITY OF LEWISVILLE v. MERRITT.**

No. 13869.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 9, 1938.

Rehearing Denied Jan. 13, 1939.

Bell, Goode, Heinen & Miller, James H. Como Jr., and Albert L. Miller, all of Dallas, for appellant.

W. C. Boyd, of Denton, for appellee.

DUNKLIN, Chief Justice.

This is an appeal by the City of Lewisville, from a judgment of the district court of Denton County denying a recovery of delinquent taxes and penalties alleged to be owing by Mrs. Flora Merritt, the defendant, on real and personal property within the city limits of Lewisville. The taxes on personal property claimed were for the years 1926 to 1932, inclusive, and the taxes on real estate being for the years 1926 to 1934, both inclusive.

The record shows that the case was tried before the court without a jury, on March 21, 1938. On the following morning the trial judge expressed to counsel for both parties some doubt that plaintiff had made out a prima facie case for the recovery sought, and that he would take the case under advisement in order to reach a determination of that question.

Thereafter, and on April 23, 1938, which was the last day of the term, the court rendered judgment in favor of the defendant.

Plaintiff introduced in evidence a sheet from the delinquent tax rolls of the city, showing an itemized statement of delinquent taxes and penalties on personal property not described, aggregating $14.90, for the years 1926 to 1932, both inclusive, and on ½ acre of land, Abstract 255 of the R. Croft Survey, for the years 1926 to 1934, both inclusive, aggregating $117.83, all of which was assessed to E. F. Merritt, followed by this notation at the bottom: "Remit to J. G. Savage, Tax Collector, Lewisville, Texas."

But it was alleged in plaintiff's petition that defendant, Mrs. Flora Merritt, was the owner of the personal property on the respective dates shown in the delinquent tax list, and also owner of the real estate, on the first day of January of each year shown in said list, and is therefore indebted to plaintiff for all the taxes and penalties shown in the delinquent tax list; and personal judgment was sought against her therefor, and for foreclosure of a tax lien to secure payment thereof. The personal property for which taxes and penalties were sought was described in plaintiff's petition as follows: "all the beds, dressers, rugs, stoves, heaters, refrigerators, tables, pianos, radios, kitchen utensils, kitchen fixtures, dishes, pictures, trunks, linen, automobiles, money, notes, stocks, bonds, credits, choses in action, livestock and farm implements and ma—

chinery situated at or on, and having its taxable situs at or on, the real estate known and described as within the boundaries of said city; * * * that the fair and reasonable market value of said personal property is in excess of the sum of five hundred dollars ($500)."

Followed with these further allegations: "That the duly elected and qualified officers of said plaintiff city for the year and/or years aforesaid did duly and legally levy the taxes herein sued for against the property herein described and that the person owning said property for said year and/or years, duly and legally listed, inventoried and rendered the same for taxes to the Assessor of said city by the description as shown in the assessment rolls of said city, and as herein shown; and the said Tax Assessor did thereupon duly and legally assess said property by said description. And for the year and/or years in which said property was not so rendered and assessed by the owner or owners thereof, the said Tax Assessor, as shown by the assessment rolls of said city, having failed to obtain such list, statement and inventory of said property from the owner or owners thereof, did, in accordance with the law, ascertain the amount and value of said property and did duly and legally list, inventory and assess the same on the tax rolls of said city by the description and at the valuation as shown in said inventory and as herein shown and at the true and correct taxable value thereof."

The only pleading filed by defendant was a general demurrer and general denial.

J. G. Savage, the Assessor and Collector of city taxes for plaintiff, testified that the delinquent tax roll introduced in evidence had been officially adopted by the city council.

Appellee insists that in the absence of a certificate of the mayor to the correctness of the delinquent tax list, as provided in Art. 7343, Vernon's Ann.Civ.St., the same did not constitute prima facie proof of plaintiff's right to recover. That article does provide that when the delinquent tax rolls of the city have been prepared, the mayor shall certify to the correctness thereof; after which the city may require suits to be brought thereon. But the same article further provides that all laws of the state for purpose of collecting delinquent state and county taxes shall be applicable also in suits for the collection of delinquent city taxes.

And Art. 7336 provides that when the delinquent tax list has been approved by the Commissioners' Court, "Said list, as compiled by the Assessor and Collector of taxes, and corrected by the Commissioners' Court, or the rolls or books on file in the office of the Assessor and Collector of taxes, shall be prima facie evidence that all the requirements of the law have been complied with by the officers of courts charged with any duty thereunder, as to regularity of listing, assessing, and levying all taxes therein set out, and that the amount assessed against said real estate is a true and correct charge. If the description of the real estate in said list or assessment rolls or books is not sufficient to identify the same, but there is a sufficient description in the inventories in the office of the Assessor and Collector of taxes, then said inventories shall be admissible as evidence of the description of said property."

It is to be noted further that defendant did not object to the admission of the delinquent list because it was not certified to by the mayor, or on any other ground.

Hence, we conclude that the delinquent tax roll introduced in evidence was sufficient prima facie to establish a right of the city to foreclosure of its tax lien against the real estate described in the tax list, at all events, but not for tax lien on personal property, since the delinquent tax list merely shows the amount of taxes against personal property, with no description thereof. Furthermore, it is manifest that such assessments could not have been made against all the personal effects as a group, as alleged in plaintiff's petition, and for that reason, that portion of plaintiff's petition seeking recovery of taxes on personal property was insufficient on its face as against a general demurrer. In this connection, it is to be noted that the amount of assessment on personal property shown in the delinquent list for the several different years ranged from 55 cents to $3.90.

In view of another trial, we deem it proper to note that the burden is on the city to allege and prove each item of property assessed, the amount of taxes assessed against it and the year of such assessment, to the end that defendant may have opportunity to prove if she can that she did not own it at that time, and therefore was not liable personally for such tax; especially so since the delinquent ta↗

472

list introduced in evidence shows that all the assessments were made against E. F. Merritt, and not against defendant, Mrs. Flora Merritt. 49 Tex.Jur., par. 70, p. 104, and par. 185, p. 254.

Accordingly, the judgment of the trial court will be reversed and the cause remanded, without a determination of other assignments of error, because unnecessary.

### On Motion for Rehearing.

On another trial of this case, plaintiff will be entitled to establish the amount of taxes due by the defendant, if any, by any method fixed by law as sufficient. What was said in our original opinion was not intended as a restriction of that right. It was merely to the effect that since appellant had alleged taxes due on specified personal effects, it had the burden of showing the proper assessments of those items and the amount of taxes due thereon. Manifestly this court cannot anticipate the character of proof that may be offered on those issues and determine in advance whether the same may be sufficient to support a recovery; and therefore authorities cited in the motion for rehearing for the first time will not be discussed.

With that explanation appellant's motion for rehearing is overruled.