**HOTMAN et al. v. STATE et al.**

No. 9767.

Court of Civil Appeals of Texas. Austin.

Feb. 16, 1949.

Rehearing Denied March 2, 1949.

Wm. H. Hamblen, of Edna, for appellants.

John C. Marburger, of La Grange, for appellees.

ARCHER, Chief Justice.

This is a tax suit brought by the State of Texas, Fayette County and its political subdivisions, whose taxes are collected by the County Assessor-Collector of Taxes, and by the City of Fayetteville, against Frieda Hotman and others for the collection of delinquent taxes for the years 1929, 1930, 1931, and 1933, on fraction of Block 37, Munger Addition to the City of Fayetteville. Trial was before the court and resulted in a judgment fixing the taxes due and unpaid; determining the amount on each of two portions, and providing for a plan of division and for payment of the taxes.

Defendant Joe Zdaril has since the rendition of the judgment paid the amount of the taxes adjudged against him and his part of the property; and this appeal is by Mrs. Frieda Hotman, Milton H. Hotman and Lillian Hamblen, who complain of the error of the court in several particulars.

■ By their assignments Nos. 1 and 2 error is alleged to have been committed by the court in foreclosing a tax lien on the entire block, but since the taxes have been paid by Zdaril on his one-third of the property, and the appellants having agreed in court that they are liable for two-thirds of the legal taxes, these assignments are rendered moot. Victory v. State, 138 Tex. 285, 158 S.W.2d 760; 40 Tex.Jur., p. 125; Art. 7172, R.C.S.

Assignments Nos. 3, 4, 5, 6, 7 and 8 are directed to the admission of certain testimony by the court.

■■ Evidence was offered as to the inability of the City of Fayetteville to produce some original tax records; those offered were offered as the best evidence then available, and we believe they are admissible under the circumstances. Doubtless the records could have been shortened by an agreement as to the pertinent facts, but the trial was before the court, and the presumption is that he considered only those portions that were material and no harm resulted to the appellants.

Several officials of the City of Fayetteville testified that some of the original rolls were lost, and that the records offered were used by the City in the collection of taxes. Arts. 7326, 7336 and 7343, R.C.S., Vernon's Ann.Civ.St. arts. 7326, 7336, 7343; Joy v. City of Terrell, Tex.Civ.App., 143 S.W.2d 704–708; Wilcox v. Dillard, Tex.Civ.App., 3 S.W.2d 507, W.R.; City of Lewisville v. Merritt, Tex.Civ.App., 123 S.W.2d 470; Crocker v. Santo Consol. Independent School Dist., Tex.Civ.App., 116 S.W.2d 750.

Since we have overruled the foregoing assignments we likewise overrule assignment No. 9.

The court having heard the witnesses testify found against appellants' contentions as to a tender, and being the trier of the facts as well as of law we overrule this assignment No. 10.

Our rulings on the above several assignments also affect assignments Nos. 11 and 12, which are too overruled.

The judgment of the trial court is affirmed.

Affirmed.