**LOVETT et al. v. CRONIN et al.**

No. 4788.

Court of Civil Appeals of Texas. Beaumont.

Dec. 27, 1951.

V. A. Collins, Ross Hightower, Livingston, J. Austin Barnes, Beaumont, for appellants.

Geo. B. Darden and William E. Fowler, Conroe, Dumas, Huguenin & Boothman, Dallas, for appellees.

WALKER, Justice.

This proceeding is an appeal from an order of the District Court of San Jacinto County denying a temporary injunction. The appellants are the plaintiffs and the appellees, the defendants.

The defendants are the directors of the San Jacinto County Water Control & Improvement District No. 1. This District lies wholly within the boundaries of San Jacinto County. It was created, and the Defendants were appointed directors of this District, by an order of the State Board of Water Engineers dated June 11, 1951, which granted a petition therefor filed with the Board on May 8, 1951. The creation of the District, and the appointment of defendants, were confirmed by an election held in the District on July 31, 1951. When the order appealed from was passed, the defendants had not canvassed and declared the results of this election, but they have done so since.

The suit is a collateral attack upon the creation of the District, brought by three citizens in their capacity as such, for themselves and others in like case. It is not an appeal from the order of the State Board of Water Engineers and it is not in quo warranto.

Plaintiffs prayed for injunctive relief, temporary and permanent, restraining defendants from canvassing and declaring the results of the election and also, in substance and effect, from performing their duties as directors of the District; and they prayed further that the order creating the District and the election confirming the District be declared void.

Plaintiffs alleged three grounds for this relief.

First, Plaintiffs alleged that the State Board of Water Engineers had no jurisdiction to create the District because it lay wholly within the limits of the County. Plaintiffs said that such a district must be created by the County Commissioners' Court. Defendants say that the Board had jurisdiction to act because the petition for creation of the District, which was granted as prayed for, requested that the District have the power to provide for the disposal of sewage, and that under Article 7880–3a, Vernon's Ann.Civ.Statutes, jurisdiction to create a district having this power was vested in the Board. Defendants alleged these facts and swore to their answer, and we assume that the proof on which the trial court acted sustained defendants' allegations. According to the record the order appealed from was based upon a stipulation concerning the facts, and this stipulation as copied refers to, but does not include, a transcript of the proceedings had in the creation of the District.

Plaintiffs have abandoned this ground for relief.

Second, Plaintiffs alleged that the petition for creation of the District had not been filed with the county clerk. Defendants denied this, and the proof showed that a certified copy of the petition filed with the State Board of Water Engineers was filed with the county clerk on June 21, 1951, with copies of the Board's order creating the District and copies of the notices of the hearing at which this order was passed. Defendants alleged that the election confirming the creation of the District was ordered on July 2nd, and we assume in support of the order appealed from that this allegation was proved. Thus the petition

for creation of the District was on file in the county clerk's office when the election was ordered, and was available for inspection by the public.

Third, Plaintiffs alleged that the persons who signed the petition for the creation of the District did not own 50% of the value of the lands in the District. This allegation was proved, and the proof showed, too, that the signatories were not a majority of the owners of the land in the District. However, the proof also showed (we so construe the stipulation, in support of the order appealed from) that more than 50 persons owning land in the District resided in the District, and Defendants say that by reason of this fact the number of persons signing the petition complied with the law and that the requirement invoked by the Plaintiffs did not apply. We note that Defendants' sworn answer alleged that the petition for creation of the District was signed by 71 qualified landowners residing in the District, and there is no disagreement between the parties as to the facts.

## Opinion

1. The appeal is not moot, because the Plaintiffs prayed that Defendants be restrained from performing their official duties. Plaintiffs' prayer was not limited to restraint of Defendants from canvassing and declaring the results of the election.

2. The State Board of Water Engineers had jurisdiction to create the District under the following provisions of Article 7880–3a, Vernon's Ann.Civ. Statutes: " * * * (6) the duty to hear and determine petitions for the creation of a district proposed to exercise *the powers and functions in this Section provided* shall, exclusively, be vested in the State Board of Water Engineers of the State of Texas, who shall hear and determine the same under the applicable provisions of *Section 5 of Chapter 280* * * *." Among the "powers and functions in this Section provided" was the following: "That water control and improvement districts * * * may include in their purposes and plans all works, facilities, plants, equipment, and appliances in any and all manner incident to, helpful or necessary to the collection, transportation,

processing, disposal, and control of all domestic, industrial, or communal wastes, whether of fluids, solids, or composites * * *. The foregoing ends may be accomplished by any and all mechanical or chemical means or processes incident, necessary, or helpful to such purposes, to the end that the public health and welfare may be conserved and promoted and the purity and sanitary condition of the State's waters protected, effected, or restored."

Under these provisions, it was immaterial that the District lay wholly within the limits of the county.

The petition for the creation of the District invoked the powers granted to the Board by these provisions because it prayed that the District be given power to provide facilities for the disposal of sewage, and this petition was granted by the Board.

3. It was not necessary that the signatories to the petition for creation of the District own 50% in value of the lands within the District.

The governing statute is Article 7880–10, Vernon's Ann.Civ. Statutes, which provides: "Petition for the organization of a water control and improvement district shall be signed by a majority in number of the holders of title to the lands therein, and the owners of a majority in value of the lands therein, as shown by the county tax rolls, *provided,* if the number of such land owners therein is more than fifty, such petition shall be sufficient if same is signed by fifty land owners."

The matter in issue at this point is the construction of the proviso, which operates as an exception to the rule first declared, and the construction of the proviso depends upon the meaning of "such land owners". We think that these words refer to persons owning lands in the District (who may be otherwise qualified to sign such a petition); and we therefore construe the proviso as meaning that if there are more than fifty landowners of this sort, the petition need not be signed by more than 50 of these persons. That is, we construe the proviso as making an exception not only to the requirement of a majority in number (which the Plaintiffs concede) but also to the requirement of a majority in value. It seems to us that exactly the same reason exists for an exception to the latter, as to the former, requirement. A proposed district of the kind in suit may be heavily populated by persons owning lands therein, and the same delay and difficulty in procuring the signatures of a majority in number of these owners would attach to the procuring of signatories who owned a majority in value of the lands. This delay and difficulty, which would seriously impair the usefulness of the statutes authorizing the creation of such districts, must have been a reason for the enactment of the proviso. It is to be remembered that the creation of a water control and improvement district must be confirmed by an election. See: Article 7880–23, Vernon's Ann.Civ. Statutes.

4. The failure to file the petition for the creation of the District with the county clerk until after the State Board of Water Engineers had created the District was at most only an irregularity which did not make the creation of the District void.

The only specific provision made for filing a petition with the county clerk is that in Article 7880–12, which reads: "Said petition shall be filed in the office of the county clerk of the county in which the district is situated. If land in more than one county is included, copies of the petition certified by such clerk shall be filed in the office of the county clerk of each county in which a portion thereof lies. Said petition shall be recorded in a book kept for that purpose in the office of the county clerk." We assume, but do not decide, that this statute, which was enacted before Section 3a of Article 7880 was enacted, applies to the district in suit. This district, as we have stated, lies wholly in one county but was created under Section 3a.

The provisions of Section 3a which have been quoted direct that the petition to the Board be heard and determined "under the applicable provision of Section 5 of Chapter 280, Acts of the Regular Session of the Forty-First Legislature." It is to

be noted that this Section 5 re-wrote the original Section 21 of the Act of which Section 12 was a part, and that Section 12 has not been amended since its enactment in 1925. Section 21 as thus amended (now Art. 7880–21, Vernon's Ann.Civ. Statutes 1925) states the procedure to be followed by the Board in determining petitions for the creation of water control and improvement districts. We construe Section 21 as prescribing, in substance, that a petition for the creation of the district which is to be acted on by the Board shall be filed with the Board, which hears and determines it, and that the Board shall then issue the notices and conduct the hearing as is provided further in that section.

Section 3a of Article 7880 does not refer to Section 12 and does not specifically refer to the filing of a petition with the county clerk, and the only other statute which need be considered (other than Section 12 itself) is the Section 21 which we have just mentioned. The only specific reference in Section 21 to the filing of a petition is in the provision reading: "Upon the *filing* of such petition the Board shall give notice of hearing". However, this "filing" must be one made with the Board instead of with the clerk because the Board is to give notice when this is done. How could the Board give notice when a petition is filed with a county clerk? No provision has been made for informing the Board of this fact or for transmitting the petition to the Board from the clerk. We construe the words quoted as, in effect, prescribing that the Board shall give notice when the petition is filed with it. Plaintiffs' argument that the last sentence of the first paragraph of Article 7880–21, beginning "said Board shall hear, consider and determine" requires compliance with Section 12 has been considered but is overruled. This sentence does not express an intention to condition the action of the Board on the filing of a paper with an independent officer.

The result of our construction is a conclusion that the Board's jurisdiction to act in a case committed to it is initiated by the filing with the Board of a petition for creation of a district, and that the filing of a petition with the county clerk in such a case performs no function except to give notice of its contents. If this be true, it would seem that the petition should be on file with the clerk when such notice is material, and this notice is material as well when the Board's notices are posted and published as required by Section 21 as when the confirmation election is ordered and held. Consequently, we see no reason for making a distinction between these two occasions and for delaying the filing of a petition with the clerk until a date between the creation of the district by the Board and the ordering of the confirmation election as was done in this case. Section 12 of Article 7880 actually does not state the time when the petition is to be filed with the county clerk, and the relation between the times when the petition is to be filed with the Board and with the clerk in cases where the Board and not the Commissioners' Court must act must be determined by a comparison of Section 12 with the statutes governing the Board and the districts created by the Board. It seems to us that if Section 12 is applicable to this case the petition should have been filed with the county clerk at least before the Board's notices of the hearing on the petition were posted and published; that the filing of the petition with the clerk would have been only a supplement to these notices; and that if these notices were in such form and were issued, posted and published as required by law, the simple failure to file the petition with the county clerk before this was done was only an irregularity which did not make the creation of the district void. Necessarily, since no provision has been made for shifting filed papers back and forth between the Board and the clerk a certified copy of the petition filed with the Board satisfied any requirement that the petition be filed with the clerk. No issue has been made and no question has been raised concerning the sufficiency of the form of the notices or concerning the issuance, posting and publication of said notices. The notices which the Board gave are not in the record, but the parties have agreed in general terms that proper notice was given of the

Board's hearing; and this notice was certainly effective in the case of the plaintiffs because they appeared before the Board, in person and with counsel, at the hearing of the petition for the creation of the district in suit.

These comments adjudicate all arguments and Points of Error which are deemed material. The order of the trial court is affirmed.