

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 11, 1956

Honorable R. M. Dixon, Chairman
Board of Water Engineers
1410 Lavaca Street
Austin, Texas

Opinion No. S-195

Re: Authority of the State
Board of Water Engineers
to refuse or limit crea-
tion of a Water Control
and Improvement District
when the petitioners do
not intend to exercise
some part of the purpose
expressed.

Dear Mr. Dixon:

Your recent request for an opinion of this office presents a
situation where a water control and improvement district is
sought to be created pursuant to the provisions of Article 16,
Section 59, of the Constitution of Texas, and the district is
sought to be clothed with all of the statutory purposes detailed
in Article 7880-3, Vernon's Civil Statutes. The State Board of
Water Engineers has jurisdiction of the petition for the crea-
tion of the district by virtue of Article 7880-13, V.C.S.

The questions propounded are as follows:

"1. If the petition for the creation
of a water control and improvement dis-
trict recites any purpose which the evi-
dence presented by the proponents conclu-
sively shows will not be needed or exer-
cised by the district, must the Board, as
a matter of law, refuse to grant the peti-
tion? Or may the Board, in its discretion,
legally refuse to grant the petition where
the evidence does not support a finding
that a requested purpose will be needed or
exercised by the proposed district?

"2. Does the Board have the authority,
as a matter of law, to grant a petition for
district creation in part and deny it in
part? In the instant situation, may the
Board grant the petition insofar as au-
thorizing the creation of a district for

flood control purposes yet deny authori-
zation for that purpose or purposes which
the evidence shows will not be needed?

"3. If the authorized district is
limited to one purpose at the time of
creation, may such district later exercise
other purposes without approval by the
creating body?"

Article 7880-11, V.C.S., requires that the petition for the
creation of the district shall designate "the purpose or pur-
poses" of the proposed district, and Article 7880-3 distinct-
ly states that a water control and improvement district may
be created "for any one or more of the purposes" therein pro-
vided. It is apparent that the right to seek the organization
of a water control and improvement district has been delegated
by Article 7880-3, 4, 10, 11, and 12 to the various holders of
title to land as described in these subsections, and it is,
therefore, the right of the petitioners to make the initial
proposal of the purposes for the creation of the district, the
boundaries of the district and the particular provision of the
Constitution of Texas which is to be followed. Article 7880-10.

Upon presentation of the petition to the Board of Water Engi-
neers, the Board must determine if it has jurisdiction, and
having established the jurisdiction under Article 7880-13, it
becomes the duty of the Board to set a hearing on the petition
in the manner prescribed by Article 7880-21, V.C.S. Lovett v.
Cronin, 245 S.W. 2d 519, 522 (Tex.Civ.App. 1951). If it shall
appear on hearing that the "organization of a district as prayed
for is feasible and practicable, and that it would be of benefit
to the land included therein, and be a public benefit, or util-
ity," then the petition may be granted. Article 7880-19, V.C.S.
Conversely, if the Board of Water Engineers finds "that such
proposed district is not feasible or practical, or would not be
a public benefit or utility or would not be a benefit to the
land included therein, or is not needed," then the Board must
refuse to grant the petition.

Your first question, in part, is whether the Board may refuse
the petition if the evidence shows that one or more of the pur-
poses of the district will not be utilized or exercised. It is
quite conceivable that a need for one of the purposes may exist
without the district seeking to utilize or exercise that purpose
in the immediate future, but such a situation does not warrant
the refusal to create the district for that purpose. The only
grounds for refusing to create the district are found in Article

7880-19. Statement of a purpose which will not be exercised would be ground for refusing the petition only if the Board found that the failure to exercise that purpose would render the district unnecessary or that the district would not be a public benefit or utility or would not be feasible or practicable if that purpose is not exercised.

The second part of your first question is whether the Board of Water Engineers may refuse the petition if it is conclusively shown that one of the purposes for the creation of the district (as set forth in the petition) is not needed.

Article 7880-17, V.C.S., reads as follows:

> "Upon the day set for hearing upon a petition for the organization of a district by the county commissioners' court, or by the State Board of Water Engineers, any person whose land is included in or would be affected by the creation of such district may appear and contest the creation thereof and may offer testimony to show that such district is or is not necessary, would or would not be a public utility, and would or would not be feasible or practicable. Such hearing may be adjourned from day to day." (Emphasis added throughout.)

Article 7880-19 reads as follows:

> "If it shall appear on hearing by the commissioners' court that the organization of a district as prayed for is feasible and practicable, that it would be a benefit to the land to be included therein, and be a public benefit, or utility, the commissioners' court shall so find and grant the petition. If the court should find that such proposed district is not feasible or practicable, would not be a public benefit or utility, or would not be a benefit to the land to be included therein, or is not needed, the court shall refuse to grant the petition."

In Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070 (1927) the court considered the duties of the Board of Water Engineers under a similar statutory delegation of power and described the duties of the Board in the following language:

> "If upon hearing it appears to the board
> of water engineers that the proposed plan of
> water conservation, irrigation, and use pre-
> sented in the petition is practicable and
> would present a public utility, then they
> shall so find and enter their findings on
> the records of the board, transmit a certi-
> fied copy thereof to the commissioners' court
> of each county involved, and name a date on
> which an election shall be held in the terri-
> tory to be comprised within the district, to
> determine whether or not the proposed district
> shall be created in accordance with the provi-
> sions of the act, and for the election of a
> board of five directors. Should the board,
> however, upon the hearing, determine that the
> proposed district is not practicable, will not
> serve a beneficial purpose, and that it would
> not be possible to accomplish through its organ-
> ization the purposes proposed, then it shall so
> find and enter its findings of record and dismiss
> the petition." (Emphasis added)

In the light of the express statutory provisions, the Board of Water Engineers must determine whether the organization or creation of the district meets the requirements listed in Article 7880-19, V.C.S., and refuse the petition if the proposed district does not meet those requirements. Your question must be answered in the negative. The Board of Water Engineers may not, as a matter of law, refuse the petition, unless the proposed district is not feasible and practicable, the land will not be benefited, the district will not be a public benefit or utility, or the district is not needed.

If a proposed district were sought to be organized for six statutory purposes and one of those purposes was conclusively shown to be needed, the entire district might fall as not being feasible and practicable or the failure to meet one of the other statutory grounds. This decision, however, must be initially made by the creating agency upon the basis of each allegation in the petition, the preliminary plans presented to the agency, and the evidence and testimony adduced at the hearing.

Your second question is answered in the negative. The Board of Water Engineers has no power to grant a petition in part and deny it in part. The petition must be granted or denied as it is presented and filed with the Board. San Saba County Water Control and Improvement District No. 1 v. Sutton County, 12 S.W. 2d 134

(Tex.Comm.App. 1929); Rutledge v. State, 117 Tex. 342, 7 S.W. 2d 1071 (1928).

Your third question is answered in the negative. If a district is created for only one purpose, it may exercise the powers incident and necessary to accomplish that purpose (Article 7880-48, Article 7880-7, V.C.S.) and none other. There is no procedure under our present law whereby such a district could later expand its purposes should experience demonstrate a need exists for the larger purposes, but such power could be given by the Legislature.

## SUMMARY

A water control and improvement district may be created for one or more of the purposes specified in Article 7880-3, V.C.S., upon proper findings, and, after organization, is limited to the purpose of its creation. The petition for the formation of the district constitutes the fundamental document or basis of the hearing on the creation of the district and that petition must be granted or denied without change.

APPROVED:

Mary K. Wall
Reviewer

Burnell Waldrep
Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By Elbert M. Morrow
   Elbert M. Morrow
   Assistant