**TRAVIS COUNTY WATER CONTROL AND
IMPROVEMENT DISTRICT
NO. 12, Appellant,**

v.

**John Lee McMILLEN, Appellee.**

No. 11336.

Court of Civil Appeals of Texas.

Austin.

Nov. 10, 1965.

Rehearing Denied Dec. 8, 1965.

Second Rehearing Denied Jan. 5, 1966.

John Davenport, Austin, for appellant.

James R. Sloan, Austin, for appellee.

HUGHES, Justice.

This appeal is from a summary judgment denying Travis County Water Control and Improvement District No. 12 recovery of ad valorem taxes for the years 1960–63, inclusive, in the principal sum of $2,576.00, allegedly owing it by John Lee McMillen, appellee, by reason of his ownership of 342 acres of land alleged to lie within the District.

In response to appellant's suit, appellee, in addition to other pleadings, filed special denials in which he denied that the 342 acres described in appellant's pleading were or ever had been included, incorporated, or legally included or incorporated, within Travis County Water Control and Improvement District No. 12. A motion for summary judgment based on the substance of these special denials were filed by ap-

pellee, in support of which he made an affidavit from which we quote:

"My name is John Lee McMillen. I am the Defendant named in the above entitled and numbered cause. I have heretofore had access to and have carefully examined the books and records, including the minutes of the Directors' meetings of Travis County Water Control and Improvement District No. 12, and have personally examined the books and official records and maps of Travis County Water Control and Improvement District No. 12 and know that the 342 acres of land, more or less, out of the William Lewis Survey, in Travis County, Texas, being the same tract of land conveyed by Otto Olle and Eleanor Ewald Benner, Independent Executors of the Estate of Emma Olle, Deceased, to me by Deed dated May 7, 1959, and recorded in Vol. 2045 at Page 474 of the Deed Records of Travis County, Texas, as alleged in Plaintiff's Original Petition filed in the above entitled and numbered cause, was not included in or was not encompassed within the land described and made a part of Travis County Water Control and Improvement District No. 12 upon its original organization and establishment. Further, I have carefully examined the books, records and files, and did not find, nor have I been shown, any Petition describing the above mentioned land by metes and bounds signed and executed by any former owners of the said land in the same manner provided by law for the conveyance of real estate, and praying that the said land described be added to or become a part of the established District encompassed within and part of Travis County Water Control and Improvement District No. 12, and of my own knowledge I know that I have not myself filed any such Petition praying for inclusion of said land in said Water District nor has anyone else filed such a

Petition since I acquired ownership of said land under the above described Deed. Further, I have carefully examined the minutes of the Directors of Travis County Water Control and Improvement District No. 12 and found no minutes reflecting that such a Petition for inclusion of the land above described and as described in Plaintiff's Original Petition was ever heard or considered by the Directors, and I found no Order or other action taken by the Board of Directors to add or include said land within the boundaries of the said Travis County Water Control and Improvement District No. 12. Further, I have personally examined and have caused other competent persons to examine for me the records in the Office of the County Clerk of Travis County, Texas, the County in which said land described in Plaintiff's Petition is located, and such search of the said records do not disclose the filing or recording of any such Petition to add the land above described and as described in Plaintiff's Petition to the land included within Travis County Water Control and Improvement District No. 12 or any order of the Directors of said Travis County Water Control and Improvement District No. 12 granting any such Petition or including said land within the boundaries of Travis County Water Control and Improvement District No. 12."

Appellant replied to this motion for summary judgment and filed two controverting affidavits from which we quote:

"My name is Otto Olle. I am familiar with the 342 acres of land more or less out of the William Lewis Survey in Travis County, Texas, described in the Plaintiff's Original Petition in cause no 140356, Travis County Water Control and Improvement District No. 12 vs. John Lee McMillen. I as independent executor of the estate of Emma Olle, deceased, was one of the grantors of said tract of land to John Lee McMillen, by deed dated May 7, 1959, and recorded in Volume 2045, pg-474 of the Deed Records of Travis County, Texas. Prior to conveying the said tract of land to John Lee Mc-Millen, I filed with the Board of Directors of Travis County Water Control and Improvement District No. 12, a petition for inclusion of said tract of land in such water control and improvement district, said petition describing the tract of land by metes and bounds."

"My name is Cal Williford. I am familiar with the 342 acres of land more or less out of the William Lewis Survey in Travis County, Texas, described in the Plaintiff's Original Petition in cause no. 140356, Travis County Water Control and Improvement District No. 12 vs. John Lee McMillen. I served on the board of directors of said water district from its organization in 1957 until January, 1960. Sometime in July or August of 1958 Mr. Otto Olle presented a petition to the board of directors for inclusion of the aforesaid 342 acres within said district. At that time the board of directors found that it would be to the advantage of the district to grant said petition and did in fact grant said petition. The said petition was among minutes of the board of directors in January of 1960 when all of such records were turned over to Mr. John Lee McMillen, the newly elected secretary of said district. While I was on the board of directors, Mr. McMillen requested the installation of twenty water meters on said 342 acre tract and stated that at the time he purchased said tract it had been included within the water district. Members of the board explained that unless he could show a need for each of these meters the board was prohibited from granting such request.

One meter was installed to provide water service to a house located on said tract of land.

I do not know why the petition of inclusion of said tract was never recorded."

It is not contended that the 342 acre McMillen tract was within the bounds of the District as originally created. Its inclusion therein, to be valid, must have been in compliance with Art. 7880–75, Vernon's Ann.Tex.Civ.St., which reads:

"Art. 7880–75. Land added to district

Land may be added to a district and become a part thereof upon petition of the owner thereof in the following manner: The owner of the land shall file with the board of directors a petition praying that the lands described be added to and become a part of the established district. Said petition shall describe the land by metes and bounds and be signed and executed in the same manner provided by law for the conveyance of real estate. Such petition shall be heard and considered by the directors and may be granted and said land added to the district if same is considered to be to the advantage of the district and if the water supply, canals, etc. are sufficient to supply the same without injury to the lands of the district. Any such petition which may be granted adding lands to a district shall be filed for record and be recorded in the office of the county clerk of the county in which such land is situated. Acts 1925, 39th Leg., ch. 25, p. 105, § 75."

■ It is our opinion that the affidavits presented by appellant do not show substantial compliance with Art. 7880–75. They fail in these particulars. Neither affidavit states that Mr. Otto Olle, who states that he filed with the Board of Di-

rectors for the District a petition for inclusion of the 342 acres in the District, was the owner or the sole owner of the 342 acres; neither affidavit states that such petition was executed in the manner provided by law for the conveyance of real estate; nor do such affidavits show that the Board of Directors of the District found that the water supply, canals, etc. were sufficient to supply the included lands without injury to lands in the District, or that the granted petition was filed and recorded in the office of the County Clerk of Travis County.

■ It is further our opinion that the affidavits of appellant are insufficient in that since the petition and its approval by the Board as disclosed by its minutes [1] are matters directly in issue, the petition and minutes of the Board are the best evidence of their contents and, no legal excuse being shown for failure to produce them, their contents could not be proved by secondary evidence. Texas Law of Evidence, McCormick and Ray, 2nd Ed., Sec. 1562. Hence, the statements in the affidavits pertaining to the contents of the petition and the orders of the Board are insufficient to make an issue as to such matters under Rule 166–A(e), Texas Rules of Civil Procedure, which requires that supporting affidavits set forth facts which would be admissible in evidence.

■ Appellant points to the statement made by Mr. Williford in his affidavit that while he, Mr. Williford, was on the District Board, appellee stated the 342 acre tract was in the District when he bought it and requested installation of water meters on the tract and that one meter was installed to provide water service to a house on the tract as facts which would estop appellee from contending the 342 acre tract was not in the District.

We believe the essentials of estoppel are lacking. Certainly appellee could not mis-

---

1. Art. 7880–44 V.T.C.S., requires the Board of Directors to keep minutes.

lead the Board about what land was in the District. The Board, from its records, knew this better than anyone. It is not shown that the request for meters was made to the Board or that the Board installed the meter. Neither is it shown that appellee was furnished any water.

 We are not advised whether it is illegal for the District to furnish water to lands without the District. In any event, we hold that appellant had no right to rely upon the statement by appellee that his land was in the District, and that it was not misled thereby. We also are of the opinion that the mere installation of a water meter, and nothing more, would not constitute such prejudice to appellant that equity would force appellee's property into the District with an annual District tax burden of $644.00.

The judgment of the trial court is affirmed.

Affirmed.

ARCHER, C. J., not participating.

On Motion for Rehearing

HUGHES, Justice.

Appellant, calling attention to appellee's affidavit which states that he had examined the files of the District and "did not find, nor have I been shown, any Petition describing the above mentioned land by metes and bounds signed and executed by any former owners of the said land in the same manner provided by law for the conveyance of real estate" etc., contends that since such Petition could not be found and is unavailable, secondary evidence of its contents was admissible. It is our opinion that the above statement is insufficient to establish the loss or unavailability of a proper Petition under Art. 7880–75. Accepting the statement at full value it does not overcome the deficiencies of the Petition mentioned in our original opinion. Furthermore, such affidavit does not re-

flect the loss of the Board's minutes. It affirms their existence; hence, parol evidence was inadmissible to prove their contents.

The motion is overruled.

Motion overruled.