**TRAVIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 12, Petitioner,**

v.

**John Lee McMILLEN, Respondent.**

**No. A-11258.**

Supreme Court of Texas.

Nov. 16, 1966.

John Davenport, Austin, for petitioner.

James R. Sloan, Austin, for respondent.

HAMILTON, Justice.

This is an appeal from a summary judgment rendered in a suit for delinquent taxes in favor of the respondent, John Lee McMillen. The Court of Civil Appeals has affirmed. 397 S.W.2d 540. We reverse the judgment of the Court of Civil Appeals and remand the cause to the district court for a trial.

Petitioner Water District sued respondent McMillen to recover ad valorem taxes for 1960 through 1963 in the principal sum of $2576.00 alleged to be owing it by reason of respondent's ownership of 342 acres of land lying within the District.

Respondent moved for summary judgment, denying that his property was ever included within the District. In his supporting affidavit he stated that he had examined the records of the Water District and knew that the 342 acres in question were not included in the District upon its original organization; he did not find nor has he been shown any petition for inclusion subsequent to its formation, nor has he or anyone else filed any such petition since he acquired ownership of the property in question. He further stated that he found no minutes reflecting such a petition, or any action by the Board of Directors to include said land within the boundaries of the District, and that he has examined the records of the County Clerk of Travis County, Texas, and found no filing of any petition to add such land to the District.

Petitioner filed two controverting affidavits, one by Otto Olle, one of the grantors of the property in question to respondent John Lee McMillen, the other by Cal Williford, a former member of the board of directors of the Water District. Olle stated that, prior to conveying said tract of land to respondent, he filed a petition for inclusion of the tract in the district with the board of directors, said petition describing the tract

of land by metes and bounds. Williford stated that at the time the petition was presented the board of directors found that it would be to the advantage of the District to grant, and did in fact grant said petition. He further stated that the petition was among the minutes of the board of directors in January of 1960 when all of such records were turned over to respondent John Lee McMillen, the newly elected secretary of said District.

Petitioner contends that the two affidavits presented to controvert respondent's motion for summary judgment raised a fact issue as to whether a petition for inclusion within the District had been filed with and acted upon favorably by the Board. The Court of Civil Appeals held to the contrary for two reasons: First, the affidavits of Olle and Williford are secondary evidence of the contents of the purported petition and minutes of the board of directors, which matters are directly in issue, and therefore inadmissible under the best evidence rule; second, even if the affidavits are admissible they are insufficient to show a substantial compliance with Vernon's Tex.Civ.Stat. Ann. Art. 7880, Sec. 75, which sets forth the requirements for adding land to a water district.

■ Texas Rules of Civil Procedure, rule 166–A(e) requires that affidavits supporting or opposing motions for summary judgment set forth such facts as would be admissible in evidence. Secondary evidence of the contents of a document directly in issue is inadmissible unless nonproduction of the original document is accounted for. Hill v. Taylor, 77 Tex. 295, 14 S.W. 366 (1890); Coleman v. Smith, 55 Tex. 254 (1881); Dikes v. Miller, 24 Tex. 417 (1859); Guadalupe & San Antonio Rivers Stock Ass'n v. West, 76 Tex. 461, 13 S.W. 307 (1890).

■ The production of the original document is excused when it is established to the satisfaction of the court that the document in question has been lost or de-

stroyed. Schultz v. Shatto, 150 Tex. 130, 237 S.W.2d 609 (1951); Hotman v. State, 217 S.W.2d 890 (Tex.Civ.App.1949, no writ). Loss or destruction may be established by proof of search for the document and inability to secure it. Clifton v. Lilley, 12 Tex. 130 (1854); Ruby v. Von Volkenberg, 72 Tex. 459, 10 S.W. 514 (1889); De Garcia v. Johnson, 265 S.W.2d 692 (Tex. Civ.App.1954, writ ref'd). Where petitioner's affidavits state that a petition was filed, granted and among the minutes when delivered to respondent, and respondent swears that he has made a careful search of the records and is unable to locate it the court could conclude that the petition was lost or destroyed. For the purpose of this proceeding, this is sufficient to consider the controverting affidavits for any relevant purpose. They raise a fact issue as to whether a petition for inclusion of the land within the District was filed with and approved by the Board.

■ The Court of Civil Appeals held, further, that if the affidavits may be considered for the purpose of showing the contents of the application they are insufficient to show a substantial compliance with Art. 7880–75, supra, in that there is no showing that the petition was signed by the owner of the 342 acres, that the petition was executed in the manner provided by law for the conveyance of real estate, or that the board of directors of the District found that the water supply, canals, etc., were sufficient to supply the included lands without injury to lands in the District. We disagree with this holding of the Court of Civil Appeals. The question is not whether the affidavit shows affirmatively that the contents of the application were sufficient to show substantial compliance with the statute, but rather whether the affidavits show affirmatively that the application was *not* in compliance with the statute. The failure of the affidavits to describe the application as including all the provisions prescribed by statute is not affirmative proof that the application did not contain the prescribed provisions. Therefore the affidavits will not support a summary judgment for respondent based on the ground that they fail to show compliance with the statute in every respect.

■ It does appear without contradiction that the purported petition for inclusion of the land was not filed with the county clerk as specified in Art. 7880–75. If recordation in the office of the county clerk in the county in which the land is situated is required for substantial compliance with the statute, then the land was not included within the District and the taxes were not lawfully assessed. The case of Lovett v. Cronin, 245 S.W.2d 519 (Tex.Civ.App.1951, no writ), involved a similar recording provision applicable to the creation of water districts—Art. 7880–12. The question was whether the failure to file the petition for the creation of a district as specified in the statute made the creation of the district void. The Court of Civil Appeals held that the filing of a petition with the county clerk in such a case performs no function except to give notice of its contents; the failure to file was at most an irregularity which did not make the creation of the district void. By the same token, the purpose of the recording provision of Art. 7880–75, supra, is to impart constructive notice of the inclusion of the land within the district. The recording provision should therefore be construed in conformance with Tex.Rev.Civ.Stat.Ann. Art. 6627, relating to the recording requirements in sales and other conveyances of land. So construed, action to add land to a water district will be void only as to creditors and subsequent purchasers for a valuable consideration without notice, where the petition is not recorded as specified in the statute. Respondent does not contend that he purchased the land in question without notice that it had been added to the water district. Williford's affidavit asserts that respondent stated, when he applied for the installation of water meters on the land, that at the time he purchased said tract it had been included within the water district.

Having held that a fact issue was raised as to whether a petition for including the land in question within the District was filed with and approved by the board, and that the affidavits are not sufficient to establish noncompliance with the statute, we hold that the trial court was in error in entering summary judgment for respondent. We reverse the judgments of the trial court and the Court of Civil Appeals and remand the cause.