### D. C. RUBY ET AL v. JOHN H. VON VALKENBERG.

No. 2574.

1.   **Judgment—Petition—Law in 1847.**—In 1847 the law allowed the petition to be referred to in actions of trespass to try title as well as in other suits, to aid the description of the land recovered furnished by the judgment.

2.   **Same—Lost Petition.**—In case of a judgment dependent for certainty of description upon the petition, if the petition be lost it is to that extent equivalent to a loss of the judgment, and it becomes proper to supply it by proof or presumption, as of the entire judgment if lost.

3.   **Presumption of Lost Judgment.**—A sheriff's deed describing the land was made and recorded in 1847.   A judgment entry of the same court of the trial, of date May 25, 1847, referred to in the deed was read, being a foreclosure decree, and referring to the petition for description of the land, with the entry from execution docket of issuance and return of the order of sale.   It was shown that search was made by plaintiff's attorney and the clerk of the court for the petition.   A receipt was found for *the papers* dated many years ago by a firm of lawyers, one in California, and the other ignorant of the existence of the papers.   *Held :* That the loss or destruction of the petition (part of the judgment) was sufficiently shown, and in the absence of the record sufficiently accounted for, and that the sheriff's deed was admissible in evidence as an ancient instrument.

4.   **Charge Upon Paper Title.**—A charge to the jury that if they find the facts relied upon as title by a party (enumerating the instruments) they should find for the party is proper, although not distinctly informing the jury of the legal effect of the several instruments in evidence.

APPEAL from Harris.    Tried below before Hon. James Masterson.
The opinion contains a statement.

*W. P. Humblen,* for appellants.— 1.    A judgment of foreclosure to
have effect and to become a muniment of title must describe the lands
in the judgment itself, and resort can not be had to evidence *aliunde* to
prove what lands were ordered sold, and this question was one of law for
the court to determine and not for the jury.    Rev. Stats., art. 1340;
Hurt v. Moore, 19 Texas, 269; Clemens v. Reynolds, 34 Mo., 579; Han-
del v. Elliott, 60 Texas, 145; Cheatham v. Riddell, 8 Texas, 167.

Addressed to discretion of court.    Mays v. Moore, 13 Texas, 88.

2.    Before the contents of the lost record could be proved, i. e. the
contents of petition and order of sale, the plaintiff should have laid the
proper predicate by filing an affidavit of their loss.    Pas. Dig., arts. 4969,
4970; Laws of Texas, vol. 12, p. 160; Mays v. Moore, 13 Texas, 88;
1 Greenl. on Ev., sec. 561 and notes.

3.    Proof of the loss and of the contents of the petition and order of
sale were indispensable before the deed made thereunder could be read in
evidence.    Wofford v. McKinna, 23 Texas, 43.

4.    The sheriff's deed can not be looked to for description of the land
sold, as his acts are merely ministerial and he can not by a recital in a
deed affect the rights of persons holding rights adversely who are not
parties to the suit.    Rev. Stats., art. 2316; Howard v. North, 5 Texas,
311; 18 Texas, 445; Jackson v. Pratt, 10 John., 381; Wofford v. Mc-
Kinna, 23 Texas, 43; Leland v. Wilson, 34 Texas, 79; Jackson v. Rob-
erts, 11 Wend., 433; Brooks v. Rooney, 11 Ga., 423; Dunn v. Choate,
4 Texas, 18, 19.

5.    It was the duty of the court to construe and pass upon the effect
of the record testimony and to so separate the questions of law and fact
and leave to the jury only such facts as were within their province, that it
might render a verdict.    In the charge given the court erroneously made
the defendants Ruby's and Hall's title depend upon questions of law and
upon facts admitted on the trial.    Teal v. Terrel, 58 Texas, 257; San
Antonio v. Lewis, 9 Texas, 71; Shepherd v. White, 11 Texas, 346.

*Brady & Ring* and *Jones & Garnett,* for appellee.— 1. The reference
in the judgment in question was to a matter of record, accessible to the
sheriff and to the clerk of the court, and to the public generally, from
which a description of the land on which the lien was to be foreclosed could
be obtained.    The petition itself was a part of the judgment roll.    Freem.
on Judg., sec. 78; Hurt v. Moore, 19 Texas, 269.

2.    The loss of the record was shown, and a proper predicate for the
introduction of evidence in regard to its contents was laid.

3.    The sheriff's deed with the recitals in the same was admissible un-

der the facts in this case for the purpose of proving the contents of the. lost petition.    Ufford v. Wells, 52 Texas, 612, where the same foreclosure proceedings in said cause 1563 are passed on by the Supreme Court. If record is lost and document is ancient recitals in same presumed to be correct.    Greenl. on Ev., 509; Leland v. Wilson, 34 Texas, 79.

4.    Appellant was not injured by the error of the court complained of in not charging upon the legal effect, etc., because had the court correctly construed and passed upon the record testimony and the admissions made by appellant the court would have instructed the jury to find for the appellee on the question of title.

HENRY, ASSOCIATE JUSTICE. — This is an action of trespass to try title, instituted in the District Court of Harris County by appellee against appellants.    There was a verdict and a judgment for the plaintiff, from which defendants prosecute this appeal.

The land in controversy was patented to James Wells, and he in the year 1838 deeded it to Girard, Heddenberg, and Vedder, under whom defendants claim.    In 1848 James Wells conveyed the land to plaintiff.

Over the objections of defendants plaintiff read in evidence a judgment rendered in 1847 by the District Court of Harris County in favor of James. Wells and against Girard, Heddenberg, and Vedder, and certain entries in the execution docket of said court, and a sheriff's deed to James Wells for the land in controversy.

The character of these proceedings is shown by defendants' bill of exceptions, which reads as follows:

"*John H. Von Valkenberg v. D. C. Ruby et al., No. 11,632.*—Be it remembered that on the trial of the above cause the plaintiff offered to read in evidence from the minutes of the District Court of Harris County, Book E, p. 285, a judgment and foreclosure rendered in said court on the 25th day of May, 1847, in favor of James Wells against Girard, Heddenberg, and Vedder, No. 1563, a copy whereof is as follows, to-wit:

"'*James Wells v. A. Girard, Chas. J. Heddenberg, and Jacob Vedder, No. 1563.*—This day came the parties by their attorney, and the demurrers filed by defendants Heddenberg and Vedder having been overruled, and defendant Girard having been duly notified by publication, and a jury being waived, the cause was heard upon the pleadings and proofs; and it appearing to the court that the defendants did make the contract described in plaintiff's petition, and that there is due and owing the sum of $1594.58; and it furthermore appearing that the deed executed in pursuance of said contract and set forth in said plaintiff's petition was made and delivered, and that the same specially reserved in plaintiff's favor a lien on the land conveyed; and it also further appearing that said defendants are bound jointly and not in *solido*, to-wit, for one-third part of said sum of $1594.58, and it appearing manifestly just and equitable

that said plaintiffs should take and recover of said defendants said sum, and that the land in plaintiff's petition described should be subjected to its payment.

"'Now therefore it is ordered, adjudged, and decreed, and the court doth order, adjudge, and decree, that plaintiff have and recover of defendants severally and respectively the sum of $531.53, the equal and several portions of said first named sum of $1594.58, and for the payment of which it is ordered, adjudged, and decreed that the property conveyed by plaintiff and his wife by deed, of which plaintiff has incorporated a copy into his petition and which is made part of this decree, as also the patents or so much thereof as may be necessary, be declared and is hereby so decreed subjected to the payment of said sum, and that an order of sale issue herein to the sheriff of Harris County to sell the same as under execution for cash without appraisement; also that plaintiff recover of defendants by equal one-third parts his costs in this suit expended.

"'And it also appearing to the court that for a valuable consideration paid plaintiffs plaintiffs have agreed and contracted not to hold defendants Heddenberg and Vedder liable should said property not satisfy this decree and the balance of the purchase money originally agreed to be paid by said sale or any future sale, said defendants Heddenberg and Vedder are hereby understood to be released and discharged and as wholly and justly exempted from execution therefor.'

"To the reading and introduction of which the defendants Ruby and Hall by their counsel objected on the ground that the said judgment and foreclosure did not describe any land upon which said foreclosure was had, and referred only to the land described in the petition when no petition was produced in connection with such judgment to identify the land that should be sold under any order of sale, which objection after argument was overruled by the court, and said judgment was read to the jury, to go to them so as to submit the question of description and foreclosure to them.

"Be it further remembered that then the plaintiff offered to read to the jury from the execution docket, Book B, of Harris County District Court, p. 228, the docketing and memorandum from said docket of the issuance of an order of sale in said suit of James Wells v. Girard, Heddenberg, and Vedder, No. 1563 on the docket of said court, which is as follows, to-wit:

"'James Wells v. A. Girard, Chas. J. Heddenberg, and Jacob N. Vedder. No. 1563. Henderson, attorney. Decree May 25, 1887.

"'Debt and damages, $1594.58; Clerk Lubbock, $29.50; county tax, $3; Sheriff Russell, $2.30; publication notice, $55. Sheriff Harris County. July 1, 1847.

"'Without appraisement and costs to the use of the officers, the prop-

erty described in the within order of sale was sold on the third day of August, 1847, to James Wells for $72.60, costs paid.'

"To the reading of which the defendants Ruby and Hall objected, on the grounds—

"1.  Because the execution should be produced as the best evidence or its loss should be shown and the contents proved.

"2.  Because the said memorandum of the docket does not show that the land in controversy was sold thereunder, or that any particular land was sold, and the said memorandum contains nothing to identify the land sued for.

"3.  Because the loss of the execution and return was not proved and no evidence was introduced to show such loss, nor was affidavit made of such loss or parties defendant put upon any notice of such loss, nor was any proper inquiry shown to have been made for said execution.  Which objections after argument were overruled by the court and the said memorandum and docketing were read to the jury.

"Be it further remembered that then the said plaintiff offered to read as evidence to the jury a deed from August Girard, Chas. J. Heddenberg, and Jacob N. Vedder by Sheriff of Harris County, D. L. Russell, to James Wells, dated third day of August, 1847, purporting to have been made in pursuance of a sale made under said judgment and order of sale as therein appears, and which said copy of the deed is as follows, to-wit:

"'*The State of Texas, County of Harris.*—Know all men by these presents, that whereas, at a term of the District Court begun and held in and for the County of Harris on the second Monday after the fourth Monday in April, in the year 1847, to-wit, on the 25th day of May, in the same year, there came on to be heard and determined a cause then pending wherein James Wells was plaintiff and August Girard, Chas. J. Heddenberg, and Jacob N. Vedder were defendants, and on hearing thereof the said District Court, on the day aforesaid, adjudged and decreed as follows:     *     *     *     *  ·  *     *     *     *     *     *

"'Upon which said judgment and decree as aforesaid an order of sale was issued from the clerk's office of the District Court aforesaid, bearing date the 8th day of July, 1847, and directed to the sheriff of Harris County, commanding him to proceed and sell the land described in plaintiff's petition in satisfaction of the debt and damages and costs aforesaid, which amount to the sum of $89.80, as under execution, which said land is described as follows, to-wit:

"'Bounded on the north by the league of land granted to Samuel M. Williams, on the south by a quarter of a league of land granted to Henry Tienvester, and on the west by land occupied by Holman, containing 2,049,290 square varas, or 363 acres, as will more fully be seen by reference to the patent issued to the plaintiff and delivered to him on the 20th

day of January, A. D. 1840, patent No. 548, vol. 4. That in accordance with said decree and the command therein, I, the said sheriff, proceeded to advertise for sale the foregoing described 363 acres of land lying, being, and situated in the vicinity of the city of Houston, county of Harris, and State aforesaid, at three public places in the county, one of which was posted at the court house door of the county of Harris for more than twenty days previous to the day of sale, I, the sheriff as aforesaid afterward, to-wit, on Tuesday, the 3d day of August, instant, at the court house as specified and so publicly declared in notice given as aforesaid, proceeded to sell to the highest bidder for cash, without appraisement, as expressed in the decree aforesaid and so endorsed on the order of sale by the clerk of the District Court of Harris County, in accordance with the statutes in such cases made and provided; whereupon Jas. Wells, on Tuesday, the 3d day of August, A. D. 1847, being the first Tuesday in the month and a judicial day of sale, in front of the court house door and within the hours prescribed by law and at public outcry, offered the sum of twenty-five cents per acre for said 363 acres of land above described, amounting to the sum of $72.60 for the said 363 acres being sold without appraisement as .per the indorsement as aforesaid, and being the highest and best bidder, and more than was offered by anybody else, he, the said James Wells, was declared the purchaser.

" ' Now therefore I, David Russell, sheriff of the county of Harris, acting in my official capacity and by virtue of the powers in me by law vested and the judgment and decree as aforesaid and the order of sale to sell the tract of land described as aforesaid to me directed and the sum of $72.60 to me in hand paid, the receipt of which is hereby acknowledged and confessed and an acquittance therefor given, have this day granted, bargained, and sold, and do by these presents grant, bargain, sell, and convey unto the said James Wells, his heirs and assigns, the above described property, together with all the rights, members, and appurtenances thereto belonging. To have and to hold the same to himself, his heirs, and assigns forever in as full, good, and perfect manner and estate as the said Charles J. Heddenberg, Jacob N. Vedder, and August Girard above mentioned or either of them had in and to said land since their purchase from James Wells and wife, as by the rendition of the above cited judgment and decree in said premises it became liable to satisfy the same, with damages and costs of court.

" ' In testimony whereof I have hereunto set my hand and scrawl in place of a seal in my official capacity, at my office in the city of Houston, this third day of August, A. D., 1847,

[Seal.]                 " ' D. RUSSELL, Sheriff Harris County.'
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"To the reading and introduction of which the defendants Ruby and Hall by their counsel objected upon the grounds:

"1. That the said deed is not supported by any judgment or foreclosure nor by any execution or order of sale of the land in controversy or of any land that can be determined.

"2. That said deed shows no order of sale was issued to sell any particular land, nor has any proof been made of the description called for in the judgment nor any basis been laid to admit said deed.

"3. That the recitals of said deed of description are the ministerial acts of the sheriff and are no proof of his authority to sell the land sued for or any other land.

"4. That the recitals in said deed show that the quantity of land sold is not the quantity upon which the vendor's lien was retained.

"5. That there is nothing in the judgment of foreclosure nor in the memorandum of the execution docket to which this bill of exception refers that can authorize a deed to be made by the sheriff to any land and particularly the land in controversy, nor to affect the defendants or either of them or their vendors.

"6. That to permit said deed to be read is to permit the plaintiff to sustain his title by evidence made exclusively by the sheriff to sustain his authority to sell. Which objection after argument was overruled by the court. To all of which rulings of the court in this bill hereinbefore set forth the defendants Ruby and Hall by their counsel excepted, and prayed that their said exceptions may be allowed and made part of the record, which is accordingly.

"Witness my hand and seal, this —— day of ——, 1887.

"Addenda by the court: Before the sheriff's deed was offered in evidence H. F. Ring, Esq., plaintiff's attorney, testified that the papers in said cause No. 1563 had been lost; that he searched and caused the clerk of the District Court of Harris County to search for the same in the office of said clerk with diligence, and that said papers, including said execution, order of sale, and petition, could not be found, nor could any trace of the same be found except the receipt of Crank & Webb, attorneys, given many years before. That witness had called on Major Crank of said firm and asked him about the papers, but that he had denied having knowledge or recollection of the same or of the contents of the same. That witness was unable to see Mr. Webb, the other partner of said firm, on account of his absence from Harris County, he having moved away some years before and is now he is informed in the State of California.

" With the above explanation I now sign this bill of exceptions in open court, this thirty-first of October, 1887.

"JAMES MASTERSON,
"Judge Eleventh District."

The first four assignments of error are to the effect that the court erred in admitting the evidence specified in said bill of exceptions. The law

as it stood at the date when this judgment was rendered allowed the petition to be referred to in actions of trespass to try title as well as in other suits, to aid the description furnished by the judgment.

In Freeman on Judgments, section 50, it is said: "The property which is the subject of a judgment or decree must also be described with sufficient certainty to leave its identity free from doubt, but the bill or complaint may be referred to in the judgment for the purposes of description. Hurt v. Moore, 19 Texas, 270.

The foreclosure part of this judgment depends entirely upon the petition. If the petition is lost or destroyed it is equivalent in this particular to the loss of the judgment, and it becomes proper to supply it by proof or presumption, just as it would if the entire judgment were lost. If this was a recent transaction in which it became necessary to prove the existence of a judgment and order of sale to support the sheriff's deed, then, leaving out of view the question of the sufficiency in other respects of the predicate laid by the evidence offered for that purpose, the sheriff's deed would have to be held improperly admitted because no sufficient evidence of the contents of the lost instrument was produced.

In this case the sheriff's deed was dated and properly recorded in 1847. Its recitals of the authority under which it was executed are in all respects full and complete. As far as the record now exists it verifies these recitals. The description in the deed of the land conveyed by it is sufficient. It could not have properly been admitted in evidence without a satisfactory reason for the non-production of the record under authority of which it was executed. It is so held in the case of Tucker v. Murphy, 66 Texas, 360.

When the loss of a public record is in question it is usually more satisfactory for the proof to be made by the keeper of the record.

No inflexible rule on this subject has been established. In the case of Mays v. Moore, 13 Texas, 88, the court says· "It is always a question addressed to the discretion of the court to determine whether the basis has been laid by proving the loss or destruction of a record to let in proof that such record once did exist."

In this case an attorney of the court testified that both himself and the clerk had searched for the records with diligence and that they could not be found. The evidence goes further and shows that there was evidence in the office of the clerk that the papers had been withdrawn by a firm of lawyers one of whom had moved away years before and the other on being applied to declared that he had no knowledge of them. We attach importance too to the fact that the missing records belonged to the court in which the trial was being conducted. We think it was a proper exercise of the discretion of the court to hold that the absence of the records was sufficiently accounted for and that the sheriff's deed was admissible in evidence as an ancient instrument.

The fifth and sixth assignments of error both relate to charges of the court and complain that the charges excepted to submitted to the jury questions of law which ought to have been decided by the court. We do not think the charges referred to are subject to this criticism. We think they announce the law and submit for the finding of the jury nothing but issues of fact.

The only remaining assignment of error is that "the court erred in overruling said defendants' motion for a new trial." As twelve different grounds are found in the motion we can not consider this assignment.

The judgment is affirmed.

*Affirmed.*

Opinion January 18, 1889.