J. B. WATKINS v. T. D. HILL ET AL.

No. 423.

1. **Deed by Sheriff — Description of Land — Parol Evidence of Identity.**—A sheriff's deed described the land conveyed as "a certain tract or parcel of land consisting of 640 acres, more or less, as the property of Robert Hill, situated as follows: On the waters of Pecan Bayou, about eight miles northwest from Clarksville, surveyed on the headright certificate of Robert Hill." Parol evidence admitted to aid this description showed only that there were two surveys in the same county, located by virtue of the same certificate; one of 800 acres, situated ten miles northwest from Clarksville, and the other of 640 acres, thirteen miles nearly northwest from Clarksville. There was no proof of the surveyor's records identifying the tract of 640 acres in controversy, or showing that the survey had in fact been made prior to the date of the sheriff's levy, nor was any attempt made to account for the nonproduction of these records; nor did it appear that the tract in suit had ever been in the actual possession of any one, or that claim of title had been made thereto under the sheriff's deed from about the time of its date. *Held*, that the evidence was insufficient to show that the land in controversy passed by the sheriff's deed.

2. **Trespass to Try Title — Proof of Date of Survey Requisite, When.**— Where, in trespass to try title, one party claims the land under a sheriff's deed made prior to the date of the patent, it is incumbent on him to show that at the time of the levy of the execution the land had been located, so as to show that the defendant in execution had at that time such title as was subject to levy and sale.

APPEAL from Red River. Tried below before Hon. E. D. McCLELLAN.

*E. S. Chambers* and *Doak & Beaty*, for appellant.—The description in a sheriff's deed is sufficient when the land can be identified. Bitner v.

Land Co., 67 Texas, 341; Snow v. Starr, 75 Texas, 411; Parrish v. Jackson, 69 Texas, 614; Wilson v. Smith, 50 Texas, 365; Kingston v. Pickins, 46 Texas, 99; Nye v. Moody, 70 Texas, 435; Vance v. McNairy, 24 Am. Dec., 553; Cain v. Maples, 26 Am. Dec., 184; 2 Am. and Eng. Encycl. of Law, 496.

*William L. Sims*, for appellees.

HEAD, ASSOCIATE JUSTICE.—The land in controversy is in one tract, patented to Robert Hill on the 24th day of September, 1853, on his headright certificate, and is situated about thirteen miles a little northwest from Clarksville, in Red River County. There is also another survey of 800 acres, patented on the same day by virtue of the same certificate, known as the Robert Hill survey, and situated about ten miles northwest from Clarksville. Pecan Bayou runs through the last named tract, and the land in controversy is about one mile from said bayou.

On the 12th day of February, 1853, the then sheriff of Red River County, under an execution issued out of the Justice Court for precinct number 4, sold to James C. Brown and William A. Park a tract of land which is described in the deed as follows: "A certain tract or parcel of land consisting of 640 acres, more or less, as the property of Robert Hill, situated as follows: On the waters of Pecan Bayou, about eight miles northwest from Clarksville, surveyed on the headright certificate of Robert Hill."

The court below found that the judgment and execution recited in the deed were duly rendered and issued, the records of said precinct having been destroyed by fire, and the justice and sheriff being both dead.

The suit in the court below was by appellees as heirs of Robert Hill, as plaintiffs, against appellant, who claims under the sheriff's deed, as defendant. The court below held the sheriff's deed insufficient to pass title to this land, and rendered judgment in favor of appellees, from which this appeal is prosecuted.

It does not appear from the statement of facts that the land has ever been in the actual possession of any one, nor was any evidence introduced to show any assertion of claim on the part of appellant or his vendors to this particular tract of land under the sheriff's deed about the time of its execution, nor that they had ever paid taxes thereon; nor is there any evidence in the record that the patentee, Hill, or those claiming under him, ever recognized this sale.

From the brief of appellant, it would seem that the court below rendered judgment in favor of appellees upon the ground that the description of the land in the sheriff's deed was, upon its face, insufficient to pass title, and was therefore void; but from a careful examination of the

record, we do not understand the conclusions of the court to be based entirely upon this ground. It seems that the deed was admitted in evidence, and parol evidence was allowed to aid in identifying the land conveyed. The evidence offered, however, went only to the extent of showing that there were two surveys in that county patented upon the same certificate; that one of these surveys contains 640 acres, the amount called for in the sheriff's deed, and was about thirteen miles instead of eight miles northwest from Clarksville, and was about one mile from Pecan Bayou; while the other survey contained 800 acres, and was about ten miles instead of eight miles northwest from Clarksville, and Pecan Bayou,. called for in the deed, runs through it.

As shown in the conclusions of fact, no attempt was made to show that the land in controversy was in fact *surveyed* at the time of the execution of the sheriff's deed, nor that there had been an assertion of claim to this land under such deed dating back to about the time of its execution. No· attempt was made to account for the failure to introduce the surveyor's records to show that this particular land had in fact been surveyed at the time of the levy, so as to authorize the court to presume such to have· been the case, as required by repeated decisions in this State. Ruby v. Von Valkenberg, 72 Texas, 459; Tucker v. Murphy, 66 Texas, 360.

We believe if appellant claimed that the land patented September 24, 1853, was the land which was conveyed by the sheriff's deed in February, 1853, it was incumbent upon him to show that at the time of the levy of the execution this land had been located, so as to show that the defendant in execution had at that time such title as was subject to levy and sale; and that this evidence was also material to aid in identifying the land in controversy as being that referred to in the deed; and as the· necessary evidence was not offered to authorize the court to supply this·· omission by presumption, there was no error in holding that the evidence was not sufficient to show that the land in controversy passed by the sheriff's deed.

It has several times been held, that limitation will run only from the date of the patent, unless the date of the location affirmatively appears· from the record; and where it is attempted to hold under a sheriff's deed land which was sold for the insignificant price of $2\frac{1}{2}$ cents per acre, the· consideration recited in this deed, we think the court would hardly be authorized to hold, in the absence of evidence, that land patented in September had been located in the February preceding, in order to sustain such sale. Wood v. Welder, 42 Texas, 396.

Finding no error in the judgment rendered by the court below, let it be in all things affirmed.

*Affirmed.*

Delivered February 16, 1893.