KINGELIN et ux. v. ROGERS et ux.

No. 3084.

Court of Civil Appeals of Texas.
Waco.

June 4, 1953.

Ernest S. Fellbaum, Houston, for appellants.

Clawson, Allbritton & Clawson, Houston, for appellees.

## McDONALD, Chief Justice.

This is a boundary suit in the form of trespass of try title filed by the appellees, Bobbie Glynn Rogers, et ux., against appellants, W. G. Kingelin, et ux., involving the line between lots owned respectively by appellees and appellants in the City of Houston. Rogers and wife own Lot 4, Damon Court Addition to the City of Houston, and Kingelin owns Lot 3. Both derive their ownership from common source of title.

The strip of land in controversy is 2.25 ft. wide and 42.78 ft. long.

In 1937 one Travis Kirby, who owned Lot 4, and appellant Kingelin, who then owned Lot 3 as now, made an oral agreement fixing the line at the point where appellant now contends the lawful line to be. Rogers purchased Lot 4 in September 1950 and thereafter by a competent survey ascertained that the true line is 2¼ ft. west of the line that Kingelin and Kirby purportedly agreed on as the boundary line.

Trial was to the court without a jury, which concluded as a matter of law that the oral agreement between Kirby and appellant is not binding because it was made on a mutual mistake of fact, and further is not binding on appellee because he was a good faith purchaser without notice of any prior oral boundary agreement, and that therefore the actual survey line of the two lots controls as the true boundary line. The trial court rendered judgment for appellee and appellant appeals on 9 points, but which present only 3 basic contentions:

(1) That the oral boundary agreement between Kirby and Kingelin established the true line to be at the point they agreed on;

(2) That the evidence in this case fails to establish that the disputed 2.25 ft. are a part of Lot 4;

(3) That the judgment is so vague, indefinite and uncertain as to the location of the 2.25 ft. of land as to be unenforceable.

The controlling issue in this case is whether or not the oral agreement between Kirby and Kingelin is such as to constitute a valid boundary agreement which is binding upon appellees Rogers and wife.

The rules with respect to the establishment of boundary by agreement are well settled in Texas. They may be stated generally and briefly as follows: When there is uncertainty, doubt, or dispute as to where the true division line between the lands of the parties may be, they may fix it by parol agreement, which will be mutually binding upon them, even though they were mistaken as to the true location of the line. This is true whether the mistake be of a matter of law or of a matter of fact. The existence of *uncertainty, doubt,* or *dispute* is essential to the validity of such agreement. Actual dispute, however, between the parties is not necessary. It is enough that the location of the line has not been definitely established and is doubtful or uncertain. It is generally held that such agreement to be effective and binding must be executed by the parties, that is, by the erection of physical monuments on the agreed line, or by otherwise marking the line, by actual possession, or use to the line, or by the improvement or development of the property with reference to the line. Agreement fixing a boundary may be proven as well by acts and conduct of the parties as by express statement. "* * * *Mere acquiescence in another line than the true line will not support a judgment in favor of such other line, when there is no evidence, other than such acquiescence, of an agreement fixing the line and when it is affirmatively shown that the use of the line*

*resulted not from agreement but from a mistaken belief of the parties that it was the true line."* Gulf Oil Corp. v. Marathon Oil Co., 137 Tex. 59, 152 S.W.2d 711, 714.

Let us then examine the evidence in the case at bar concerning the agreement between Kirby and appellant in 1937.

Travis Kirby, one of the parties to the agreement of 1937, testified that he formerly owned Lot 4; that he purchased it in 1937; that he is acquainted with Kingelin, appellant herein, who purchased Lot 3 in 1937; that in 1937 Kingelin had a survey made and that stakes were put down where that survey indicated the boundary between Lots 3 and 4 was located; that he and Kingelin respected that line, and that in 1939 he built a fence 12 ft. long from the back of the line. He further testified that there was never any dispute as to where the line was between him and Mr. Kingelin; that there had been no cross words; and that he and Kingelin merely agreed that the line between Lots 3 and 4 would be the line that the surveyor established in 1937 as that line; and that when he sold his property he did not tell the purchaser where the boundary was, or of any agreement, concerning same that he had with Kingelin.

The only other testimony on this point is from Kingelin, the appellant. He testified he bought Lot 3 in 1937; that he had a survey made three or four months thereafter to determine the boundary line between Lots 3 and 4; that Mr. Kirby was present when the survey was made and *that at the conclusion of the survey he and Mr. Kirby agreed that everything looked like it should be, and that there was no question about the line.* He further testified that the fence was put up on the line the surveyor made, some two years later; that he had never had any dispute with Mr. Kirby as to the boundary line; *that he just wanted to know the true location of the line and had the surveyor survey to find same and that they agreed that the line should be where the surveyor stated it was.* He further testified that they didn't know exactly where the line was between Lots 3 and 4 prior to the survey in 1937; *that the survey was made to establish the true line;*

that he talked with Mr. Kirby in 1939 about the building of the fence and that when the fence was built, it was built on the line that the surveyor found to be the true line; that his agreement established the line so far as he was concerned. *He again testified that his intention in 1937 in having the survey made was to establish the true line.*

■■ Applying the facts in the case at bar to the principles of law announced, it it clear that while there was uncertainty as to the whereabouts of the true line between Lots 3 and 4, that Kingelin, in 1937, in an effort to clear up that existing uncertainty, employed a surveyor to ascertain the true line; that the surveyor did his work and announced that he had established the true line (though it later developed to be erroneously); that Kirby agreed that *everything looked like it should be, and that there was no question about the line.* It is further clear that Kirby thought that the true line had been found and established—and acquiesced in it. Kingelin himself testified *twice that the purpose of having the 1937 survey made was to establish the true line.* It is our conclusion that the agreement on the part of Kirby to the line as established by the 1937 survey was mere acquiescence, resulting from a mistaken belief that it was the true line.

■ As to appellants' second basic contention that the evidence in this case fails to establish that the disputed 2.25 ft. is a part of Lot 4, we cannot agree. We hold that the testimony of Mr. Merriweather, the surveyor, is adequate to establish that the disputed area is a part of Lot 4.

■ As to appellants' third basic contention that the judgment is so vague and uncertain as to the location of the 2.25 ft. of land as to be unenforceable, we cannot agree. The references to the recorded plat certainly provide adequate information on which the property can be identified with certainty. The test of sufficiency of description is as to whether the judgment so identifies the land that an officer charged with the duty of executing a writ of possession could go upon the ground, and with the assistance of a competent surveyor and

without exercising judicial functions, could ascertain the locality of the line. See 7 Tex.Jur. p. 259.

Further, as to appellants' first and second basic contentions, it is the law in Texas that every reasonable presumption, consistent with the record, will be indulged in favor of the judgment of the trial court; and any view of the law which the court could have applied under the pleadings and evidence will be resolved in support of the judgment. Rick v. Grubbs, 147 Tex. 267, 214 S.W.2d 925. The rule is well settled that the judgment of the trial court will not be set aside if there is *any* evidence of a probative nature to support it, and that a Court of Civil Appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings. Cavanaugh v. Davis, Tex. Sup., 235 S.W.2d 972.

We believe that there is ample evidence in this record to support the judgment rendered. All of appellants' points are overruled and the judgment of the trial court is affirmed.

TIREY, J., took no part in the consideration and disposition of this case.