Mrs. R. H. GREER, Appellant,

v.

Martha ROBERTSON et al., Appellees.

No. 15778.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 14, 1956.

Rehearing Denied Jan. 11, 1957.

# 280

James R. Wiley and L. A. Nelson, Denton, for appellant.

Gerald E. Stockard, Denton, for appellees.

RENFRO, Justice.

Mrs. Greer and Mrs. Robertson are owners of adjoining property fronting on Church Street in the City of Lewisville, Texas. The block in which their lots are located is bounded on the east by Charles Street, on the north by Walters, on the west by Herod, and on the south by Church. An open passageway runs the entire distance from Church Street to Walters Street, separating the lots belonging to Mrs. Greer and Mrs. Robertson, and the lots of the owners adjoining Mrs. Greer and Mrs. Robertson on the north.

In 1954, Mrs. Greer, claiming that her property line included all the passage or alley, fenced off the passage so neither Mrs. Robertson nor the public could use it. Said alley was the only way of egress and ingress to Robertson's garage and rear premises.

Thereafter, Mrs Robertson, joined by her daughter and son-in-law, Mr. and Mrs. Wolters, who lived with her, brought suit against Mrs. Greer. The petition is quite lengthy, but in substance sought establishment of her ownership of the land from the center of the alley eastward, for adjudication of the alley as a public street by prescription and dedication, determination of easement rights, and sought an

injunction to require appellant to remove obstructions from the alley and to enjoin her from obstructing the alley in the future.

The case was submitted to the jury on forty issues. Appellant did not object to the charge or any issue therein. Every issue was answered favorably to appellees.

Based on the verdict, the court entered judgment finding Mrs. Robertson to be the owner of the land to the center line of the alley. The alley was declared to be a public street, appellees were decreed to have an easement to the use of said street, and the injunction against appellant was granted.

■ The record abundantly supports the findings of the jury. Numerous witnesses, including some introduced by appellant, testified the alley had been used openly, continuously and notoriously by the public for periods exceeding sixty years without objection from any adjacent owner until appellant erected the fences in 1954, and that through the years the city had graded and graveled the alley.

■ In a case of this kind, where origin of the user by the public and the ownership of the land at the time of such origin are shrouded in obscurity, and no proof can be adduced to show the intention of the owner in allowing the use, the law raises a presumption that the requisite intention and acts disclosing it were present. 14 Tex. Jur., p. 707; Dunn v. Deussen, Tex.Civ.App., 268 S.W.2d 266. A setting apart or dedication to a public use, to be effective, need not be by deed; nor need it be evidenced by the use of its having been continued for any particular time. It is enough that there has been some clear, unequivocal act or dedication of the proprietor evidencing an intention to set it apart for a public use, and that others have acted in reference thereto and upon the faith of such manifestation or intention. City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W.

477; Tribble v. Dallas Ry. & Terminal Co., Tex.Civ.App., 13 S.W.2d 933, writ ref.; Money v. Aiken, Tex.Civ.App., 256 S.W. 641.

All points of error based on the adjudication by the court of the alley as a public street and appellees' right to use same are overruled.

By numerous points of error appellant complains the description was inadequate for the purpose of locating the alley or enforcing the injunction.

In some of the issues the court used the word "approximately" in referring to number of feet in connection with the alley.

In the judgment, however, the court incorporated the description as set out in appellees' petition. The description was by metes and bounds, and specifically referred to a survey upon the ground and a plat filed of record in Denton County by R. G. Milliken, County Surveyor, giving book and page numbers. The plat showed exact distances. The judgment further recited the east boundary line of said alley as being located 203.88 feet west of the southeast corner of the Baptist Church lot at the intersection of said alley with Church Street. The surveyor fixed the center of the alley 208.88 feet west of the west boundary of Charles Street and the southeast corner of the Baptist Church lot. The Milliken plat was offered in evidence and is contained in the statement of facts. The court's judgment incorporated the plat by reference. The evidence shows the alley has existed in its present location more than sixty years. The evidence shows a concrete curb along part of the alley on the west and a hedge along part of the east side of the alley.

The County Surveyor testified he was able to trace the original surveyor's tracks and did so. The sidewalks in front of appellant's house corresponded with his survey as to beginning and ending points of her property.

According to the evidence, the dividing line between the lots belonging to appellant and appellee Mrs. Robertson is fixed by stake in the center of the alley.

Present and past owners of property adjoining the alley and numerous long-time residents and officials of Lewisville testified as to the location of the alley. The evidence shows it is open and unobstructed except for obstructions placed thereon by appellant. The witnesses testified it had been in the same location as long as they could remember.

The office of description in the judgment is to furnish the means of identification of the land and the description must be so definite upon the face of the instrument, or in some writing referred to, that the land can be identified with reasonable certainty. Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848. Under the foregoing authority and Kingelin v. Rogers, Tex.Civ.App., 259 S.W.2d 245; Rick v. Grubbs, 147 Tex. 267, 214 S.W.2d 925; Humble Oil & Refining Co. v. Owings, Tex.Civ.App., 128 S.W.2d 67, the description of the property is sufficient for an officer charged with a writ of possession to go upon the ground and with the assistance of a competent surveyor and without exercising judicial functions ascertain the locality of the alley and is sufficient for enforcement of the injunction against appellant.

In points 26 and 27 appellant contends the rights of usage the public may have had to the alley were decided adversely to the public in a prior suit between Mrs. Greer and the City of Lewisville. On October 28, 1954, appellant filed suit against the City of Lewisville, alleging she was the owner of certain property and that the city had taken over the east 12 feet (the alley involved in the instant suit) without condemnation, wherefore, she demanded damages.

On November 1, 1955, after the city disclaimed any and all interest, right and title to the property, the court entered judgment which decreed that "all right, title and interest of the Defendant, The City of Lewisville, Texas, be and the same is hereby divested out of the said City * * * and is vested in the said Mrs. R. H. Greer, * * * ."

Appellees were not parties to the above mentioned suit. The evidence is uncontradicted that appellees and their predecessors have used the alley as their only means of egress and ingress for more than twenty years. The jury and the trial court found for them on every issue establishing their right to the continued use of the alley, and found against appellant on every defensive issue submitted. Appellees were strangers to the judgment in the case of Greer v. City of Lewisville. Generally, strangers to a judgment, that is, those who are not parties or privy to a proceeding, may, when their interests are adversely affected by the judgment, impeach it whenever it is attempted to be enforced against them. State Mortgage Corporation v. Traylor, 120 Tex. 148, 36 S.W.2d 440; Parker v. Spencer, 61 Tex. 155.

One who buys property abutting on a street or roadway acquires a property interest in the street which entitles him to its use free from obstruction. Commissioners' Court of Harris County v. Kaiser, Tex.Civ.App., 23 S.W.2d 840, writ refused.

We do not believe the city's disclaimer of interest in the alley could include the right to deny its use to appellee Mrs. Robertson and other owners of property situated thereon. Bowers v. Machir, Tex.Civ.App., 191 S.W. 758; Gilder v. City of Brenham, 67 Tex. 345, 3 S.W. 309.

The points of error are overruled.

In point 21 appellant contends the court erred in overruling her exception to the testimony of the appellees as to damages sustained, and in points 22, 23 and 24

simply states the court erred in awarding each of the appellees damages.

Appellant did not file any exceptions to that portion of appellees' petition wherein damages were sought.

The court submitted separate issues as to each appellee, whereupon the jury found actual damages of $50 and exemplary damages of $50 for Mrs. Robertson; for J. H. Wolters $400 actual and $400 exemplary damages; and for Mrs. Wolters $100 actual and $50 exemplary damages. The jury was given adequate instructions and definitions in regard to actual and exemplary damages and no complaint is made here to the issues, instructions or definitions, the argument in this court being there was no evidence supporting the judgment for damages awarded to Mrs. Robertson and Mrs. Wolters and that the award to Mr. Wolters was excessive.

■ During the trial of the case the appellant objected to testimony of the appellees as to damages claimed because the pleadings were insufficient to put the appellant on notice as to appellees' demand for damages. The objection was overruled. In view of appellant's failure to except to the pleading, no harmful error is shown by the above ruling.

We must overrule appellant's points of error that there was no evidence to sustain the award of damages to Mrs. Robertson and Mrs. Wolters. There was evidence of some damage to both. The evidence shows that for a period of several months appellant scattered tacks, nails and broken glass in the driveway. It was necessary for appellees to look every morning to see if there were tacks, nails and glass in the alley before using same. Appellant put a shovel under Mrs. Robertson while she was sitting on a culvert at the entrance to the alley in an attempt to keep appellant from tearing up the culvert. Mrs. Wolters lost time from her work as a result of the acts of appellant. Viewed in its most favorable light, the testimony also supports the jury's award of damages to Mr. Wolters. He testified in detail as to the amount of time he lost from work tearing down the fences the appellant erected on his property, and his efforts to keep her from obstructing the alley and from digging out the entrance to the alley. He also testified in detail to the damages to his car sustained as a result of appellant's acts.

■ We need not go further into the personal conduct of appellant which could properly be considered by the jury in determining the amount of actual and exemplary damages. In our opinion the jury's award is supported by evidence of the ill-considered actions and conduct of the appellant.

■ It is true that Mrs. Robertson and Mrs. Wolters did not calculate their actual damages to an amount certain in dollars and cents. In a case of this kind, however, the question as to whether damages have been sustained and the amount thereof is primarily for the determination of the jury under appropriate instruction from the court. It is to be noted in the instant case that no exceptions were taken to the issues submitted or to the instructions accompanying same.

In view of the record, we feel that we are not in a position to disturb the verdict and judgment awarding damages to the appellees.

The judgment of the trial court is affirmed.

BOYD, J., not participating.