**Julia Coombs SHEEHAN et al., Appellants,**

**v.**

**SOUTHERN PACIFIC COMPANY et al., Appellees.**

**No. 15254.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 28, 1967.

Rehearing Denied Jan. 18, 1968.

Spiner, Pritchard & Thompson, Clark G. Thompson, Harvey T. Fleming, Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Jerry Lee Hughes, Houston, for appellee Fisher Construction Co.

BELL, Chief Justice.

Appellee, Fisher Construction Company, has filed its motion to dismiss this appeal because appellants did not timely file their cash deposit which was filed in lieu of an appeal bond.

The appeal is taken from a judgment sustaining appellees' motions for summary judgment decreeing that appellants take nothing by their suit in trespass to try title to a specifically and sufficiently described tract of land, it being 50 feet wide and 1752 feet long.

Suit was filed by numerous named persons, all of whom are appellants, against the appellees and Oneita Skinner Herring, who was alleged to be a person mentally incompetent to manage her affairs and for whom no guardian had been appointed. All defendants filed answers sufficient to join issue. The court appointed the Honorable Raymond H. Wilson of the Houston Bar an "attorney ad litem" for Oneita Skinner Herring. While he should have been called "guardian ad litem" (Rule 173 Texas Rules of Civil Procedure), we think the improper designation is not fatal. He was in fact a disinterested person appointed by the court to represent the incompetent in the suit and we think was therefore in law a guardian ad litem. The guardian filed an answer. Her claimed interest was the same as the plaintiffs in the case, that is, she claimed title under Charles G. Fitze and wife, S. C. Fitze.

The defendants, except Oneita Skinner Herring, filed a motion for summary judgment. Oneita Skinner Herring, expressly assuming the same position as the plaintiffs and Shelby Fitze and Walter Fitze who had intervened taking the same position as the plaintiffs, all filed opposition to the appellees' motions.

On July 21, 1967, the trial court signed a judgment sustaining the motions for summary judgment decreeing that plaintiffs, intervenors and Oneita Skinner Herring take nothing against the appellees who were named in the judgment. The judgment reciting the names of the appellees also recited that they came to the hearing on the motion by their attorneys. It further recited that the plaintiffs came by their attorneys. Further, it recited that the "attorney ad litem" for Oneita Skinner Herring appeared and announced his ward was in the same title position as plaintiffs and intervenors. The plaintiffs and intervenors, except Oneita Skinner Herring, were not expressly named in the judgment. There was also the recital of due notice of the filing of the motions and the date set for the hearing. The date of the hearing was June 24, 1967. After making the recital concerning the fact of the hearing by the court there is this recital:

"and being of the opinion that all of the same reflect that there is no genuine issue as to any material fact which precludes the granting of said motions, and

the Court being of the further opinion, under the undisputed facts and authorities presented by the movants for Summary Judgment, that the Plaintiffs and Intervenors, as well as Defendant Oneita Skinner Herring, who relies upon the same title theory as Plaintiffs, do not as a matter of law have title *to any portion of the strip of land in controversy, that the fee title thereto* (emphasis ours) is as a matter of law either in one or more of the Defendants in this cause or is outstanding and that the respective motions for Summary Judgment should be granted; * * *"

There then follows an adjudication that "Plaintiffs and Intervenors take nothing against the Defendants * * *" The defendants are then named. There is also the adjudication that "said Defendants do have and recover their costs in this behalf expended or incurred." Appellants gave notice of appeal in the judgment.

Nothing further was done in the case until August 24, 1967, more than 30 days after the judgment was signed July 21, 1967. On August 24 Mr. Wilson, the "attorney ad litem," filed a motion pointing out that while the judgment of July 21, which he referred to as being interlocutory, awarded the defendants their costs, it made no provision for an amount of his fee. He asked for a hearing on the motion to determine the amount of the fee and that it be charged as provided by law.

Also on August 24 the plaintiffs filed a motion asking for an order authorizing the entry of a judgment nunc pro tunc vacating and setting aside the judgment of July 21, or, in the alternative, to determine undetermined issues and to enter a final judgment. The judgment of July 21, it was asserted, had failed to describe the land involved and had not given the full names of the plaintiffs and intervenors. The basis of the assertion that there were undecided issues was that the judgment made no determination of compensation for the "attorney ad litem." Appellee,

Fisher Construction Company, opposed the motion filed by plaintiffs.

On August 28, the court entered its second judgment in the cause. The second judgment was the same as the first, except that it named the plaintiffs and intervenors specifically, described the land and made an award of compensation to the "attorney ad litem" and taxed it and all other costs against the plaintiffs and intervenors. It made no reference to the plaintiffs' motion or the "attorney ad litem's" motion. It made no reference to the judgment of July 21. It did not vacate or set aside that judgment, nor did it purport to be a nunc pro tunc entry.

██ The appellants' deposit in lieu of an appeal bond was timely filed if the judgment of August 28 is effective, but if the judgment of July 21 is the effective judgment the deposit was not timely made. The attorney ad litem (guardian ad litem) appealing in his fiduciary capacity is exempted from posting a bond. King et al. Relators v. Payne et al., Respondents, 156 Tex. 105, 292 S.W.2d 331. However, the record was not filed here within the time provided by law after the July 21 judgment, and no extension of time was requested. Oneita Skinner Herring must, therefore, also depend on the efficacy of the judgment of August 28.

We are of the view that the judgment of July 21 was a final one in that it disposed of all issues, and not interlocutory, and became final 30 days thereafter and could be set aside only by a direct attack by appeal or by a bill of review. Rule 329b, T.R.C.P.

██ While the judgment of July 21 did not name the plaintiffs or intervenors, it did name Mrs. Herring who had assumed the position of a plaintiff. The judgment also expressly decreed that "the Plaintiffs and Intervenors" take nothing. This can but mean all of the plaintiffs and intervenors. Who the plaintiffs were can be ascertained from the record, that is, their petitions. Too, while the strip of land was not

specifically described in the July 21 judgment, the judgment recited that the court found as a matter of law that the plaintiffs and intervenors, as well as defendant, Oneita Skinner Herring, who relies on the same title theory as plaintiffs, "do not as a matter of law have title to any portion of the strip of land in controversy." There was, as shown by the plaintiffs' petition, as well as the other pleadings, only one strip of land in controversy. It is the one described in the plaintiffs' petition. Under the following authorities we feel the parties are sufficiently disposed of by the judgment and the land is sufficiently identified: Laros et al. v. Hartman et al., 152 Tex. 518, 260 S.W.2d 592; Houston Oil Co. of Texas v. Village Mills Co., 241 S. W. 122 (Tex.Com.App.); Tenison v. Donigan, 237 S.W. 229 (Tex.Com.App.); Wood v. Gulf Production Co., Tex.Civ.App., 100 S.W.2d 412, n. w. h.; Ruby et al. v. Von Volkenberg, 72 Tex. 459, 10 S.W. 514; Greer v. Robertson et al., Tex.Civ.App., 297 S.W.2d 279, n. r. e.; Shelton et al. v. Palmer Grove Methodist Church et al., Tex.Civ.App., 279 S.W.2d 917, n. w. h.

The judgment adjudged costs against the plaintiffs and intervenors. Nothing appears specifically about compensation for the "attorney ad litem." Rule 173, T.R.C.P., provides the court shall fix the compensation to be taxed as costs. The following cases determine, in principle, that this is really not an issue that would have to be disposed of by the judgment itself but could be disposed of apart therefrom by motion and order fixing the amount of the compensation as a part of the costs. Sterling et al. v. Darrouzet et al., Tex.Civ.App., 282 S.W. 283, dism., w. o. j.; Japhet et al. v. Pullen et al., Tex.Civ. App., 153 S.W. 1188, n. w. h.; Jones et al. v. Guynes, Tex.Civ.App., 242 S.W. 796, error dism.; Simmons et al. v. Arnim et al., Tex.Civ.App., 172 S.W. 184, aff'd 110 Tex. 309, 220 S.W. 66.

Even if the "attorney ad litem's" compensation should be disposed of by the main judgment, we hold that under the principles announced by our Supreme Court in Northeast Independent School District v. Aldridge, 400 S.W.2d 893, the July 21 judgment, worded as we have above noticed, was a final judgment.

The July 21 judgment being a final one in the sense that it disposed of all issues and parties, could not be set aside after the expiration of 30 days except as we have above stated. In fact there is no order or judgment purporting to set it aside. There is merely a second judgment dated August 28. There may be only one final judgment in a case. The court was without jurisdiction to render or enter the August 28 judgment.

Appeal dismissed.