**Ray STUCKER, Appellant,**

v.

**M. T. SPINDLER, Appellee.**

**No. 6009.**

Court of Civil Appeals of Texas.

El Paso.

March 12, 1969.

Richard Yetter and James T. Allen, El Paso, for appellant.

Hardie, Grambling, Sims & Galatzan, William B. Hardie, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is a suit brought by a landlord against a tenant for the balance due under the terms of a five-year lease when the tenant vacated the premises prior to the expiration of the term thereof. The landlord (appellee) recovered judgment in the amount of $830.00 against the tenant in a trial to the court without a jury. We are of the opinion that the judgment is correct and should be affirmed.

The trial court made findings of fact which support the judgment, but a question is presented as to the court's admitting into evidence Xerox copies of duplicate originals of the lease and sublease. The original lease was entered into by one Winters, as owner-lessor, and one Tracy, as lessee, and by written agreement with Winters, the appellant Stucker and wife sub-leased the premises which were then used by them as a beauty salon for some 21 months. During this time appellee Spindler purchased the premises from Winters. Appellee alleged these matters, and appellant denied that he sub-leased the premises and alleged that the lease was void and that he was a mere tenant at will. He did not deny execution of the sub-lease instrument within the provisions of Rule 93, Texas Rules of Civil Procedure, but on trial he objected to the introduction of both the Xerox copies of the lease and the sub-lease instruments on the ground that the originals were the best evidence, and that the proper predicate had not been established by appellee for the introduction of secondary evidence. The trial court was correct in permitting the introduction of both instruments as the predicate for their introduction was sufficient.

"The production of the original document is excused when it is established to the satisfaction of the court that the document in question has been lost or destroyed. Schultz v. Shatto, 150 Tex. 130, 237 S.W.2d 609 (1951); Hotman v. State, 217 S.W.2d 890 (Tex.Civ.App.1949, no writ). Loss or destruction may be established by proof of search for the document and inability to secure it. Clifton v. Lilley, 12 Tex. 130 (1854); Ruby v. Von Volkenberg, 72 Tex. 459, 10 S.W. 514 (1889); De Garcia v. Johnson, 265 S.W.2d 692 (Tex.Civ.App.1954, writ ref'd)."

Travis County Water Con. & Imp. Dist. No. 12 v. McMillen, 414 S.W.2d 450 (Tex.1966).

We have carefully considered the testimony of the witnesses offered as a predicate to excuse the production of the originals and find that it is sufficient to support the specific findings of the trial court that the proper predicate was laid.

All points of error have been considered and all are overruled.

The judgment of the trial court is affirmed.